GREENWOOD *et al. v.* METROPOLITAN EL. RY. CO. *et al.*

*(Superior Court of New York City, General Term.   January 5, 1891.)*

EASEMENTS—LOSS.
> Land on which plaintiffs' building was erected had been for a time two distinct lots, which had passed from the original owner of both, by different mesne conveyances, to G., plaintiffs' predecessor in title, in such manner that one lot became his property before the other was conveyed by such original owner.   *Held,* that as G. had the right, upon the conveyance to him of the first lot, to cut off any easement of light over it in favor of the other lot, the subsequent conveyance of such other lot by the original owner was without the appurtenance of the easement; and the conveyance thereafter of such other lot to G. did not revive the easement.

Appeal from trial term.

Action by Mary McKay Greenwood and Isaac J. Greenwood, as executors of Isaac J. Greenwood, deceased, against the Metropolitan Elevated Railway Company and the Manhattan Railway Company.   Defendants appeal from a judgment for plaintiffs entered on the verdict of a jury and from an order denying a motion for a new trial.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Davies, Short & Townsend, (Edward B. Thomas, of counsel,) for appellants.   Robert S. Rudd, (James M. Hunt, of counsel,) for respondents.*

SEDGWICK, C. J.   The action was for damages from the defendants building the road-way and running their railroad immediately along the side of plaintiffs' premises in Church street.   The premises were on the south-west

corner of Church and Vesey streets. There was one building upon them. They had been formerly owned by the "Corporation of Trinity Church," and then, on a map made by it, were known as lots Nos. 38 and 37. The premises are now known as No. 31 and No. 33 Vesey street. The Trinity Church Corporation first conveyed the lot known as No. 37 on its map, and then by mesne conveyances it became the property of John Greenwood, of whose title the plaintiffs are the representatives. The Trinity Church Corporation afterwards conveyed in two parcels lot No. 38, and by mesne conveyances it became the property of John Greenwood. At the time Greenwood went into possession, there was upon the easterly half of lot No. 38, now No. 31, a dwelling-house, which fronted on Vesey street. That dwelling-house has been taken down since, and there has been built a single building, fronting on Vesey street. The depth of the land is 64 feet on Church street. The defendants' road is on Church street, and the claim here is for damages for the impairment of the easement of light, etc., over that street. On the trial the plaintiffs were allowed to recover for a diminution of light in that part of plaintiffs' premises that was within the lines of lot No. 38. Assuming that formerly there was an easement of light over Church street existing in favor of lot No. 38, it was possible for the owner of the lot to extinguish it by any method of dealing with the property that would, for instance, convey the property without the appurtenant easement so that the grantee would not have such an appurtenance. And, if he would not have it, it would not be revived, or rather re-created, by his conveyance. *Corning* v. *Gould*, 16 Wend. 535; *Parker* v. *Foote*, 19 Wend. 309; *Crain* v. *Fox*, 16 Barb. 184; *Lattimer* v. *Livermore*, 72 N. Y. 174. It is apparent that enjoyment, by lot No. 38, of light from Church street as a right depended upon the right of that lot to prevent building upon No. 37 in such a way that the light would be cut off from No. 38, or to prevent any other use of the lot that would have that effect. But when the Trinity Corporation conveyed to Greenwood No. 37, it became the right of Greenwood to cut off the light from No. 38. *Myers* v. *Gemmel*, 10 Barb. 537, and cases there cited. This was inconsistent with the continuance in lot No. 38 of a right to the easement, and when lot No. 38 was conveyed, subject to this condition, it was conveyed without the appurtenance of the easement. And the subsequent conveyance to Greenwood did not make a new easement, or did not create a right that had not been conveyed by Trinity Corporation. The jury were allowed to find damage from the diminution of light over the space that had been lot No. 38. For this reason there should be a reversal of the judgment and order, and a new trial ordered, with costs to abide the event.