KEARNEY *v.* METROPOLITAN EL. RY. CO. *et al.*

(*Superior Court of New York City, General Term.* March 3, 1891.)

1. ELEVATED RAILROAD IN STREET—DAMAGES—CONCLUSION OF LAW.

In an action to restrain defendant from maintaining its elevated road in the street in front of plaintiff's premises, and for damages, defendant is not entitled to have the court find as a conclusion of law that, in computing plaintiff's compensation for the taking of his easements, defendant is entitled to have taken into consideration the peculiar benefits resulting to plaintiff's premises from the operation of defendant's railway, as this is not a conclusion of law, but a mediate process, in applying the rule of the measure of damages to ascertaining the damages.

2. SAME.

A finding that plaintiff "sustained a loss in the rental value of the premises, amounting," etc., means the loss on the whole building, considering all its parts, those in which the rents were increased, as well as those in which they were decreased.

3. SAME—EASEMENT OF LIGHT.

The easement of light is not confined to that part of the street directly in front of plaintiff's premises, and evidence is admissible that plaintiff's light was cut off by shadows cast by defendant's station, which was not in front of plaintiff's premises, but on the street some 25 feet distant therefrom.

Appeal from special term.

Peter Kearney sued the Metropolitan Elevated Railway Company and another. From judgment for the plaintiff the railway company appeals.

Argued before SEDGWICK, C. J., and FREEDMAN and INGRAHAM, JJ.

*Julien T. Davies* and *Brainard Tolles,* for appellants. *Edwin M. Felt,* for respondent.

PER CURIAM. This is an action for an injunction against the defendants' maintaining their elevated road in front of plaintiff's premises. The learned counsel for appellant argues that the court below erred in refusing to make a conclusion of law that, in computing the compensation to be made to plaintiff for the taking of his easements, the defendants were entitled to have taken into consideration the benefits resulting to plaintiff's premises, and peculiar thereto, from the operation of defendants' railway. This was not a conclusion of law. It was a mediate process, in applying the rule of the measure of damage to ascertaining the damages. In the other findings, the court found that the plaintiff sustained a loss in the rental value of the premises, amounting to at least the sum of $1,062. This means the loss on the whole of the building; that all parts of the building had been considered,—such parts as to which there had been a loss of rental value, and such parts as to which there had been an increase of rental value, and that, taking all parts together, there had been a loss. Benefits are not to be deducted from the damages, but to be considered in ascertaining whether there were damages. *Newman* v. *Railroad Co.,* 118 N. Y. 627, 23 N. E. Rep. 903. The court there says, (page 625, 118 N. Y., and page 902, 23 N. E. Rep.:) "If the rental value of the whole building was shown to have been diminished, there was injury for which plaintiff was entitled to recover; but if the diminished rental value of the upper floors was equal to or overcome by increased rental value in the store, then there was no injury, and no basis for a recovery of substantial damages against the defendant." The court below was bound to find the actual loss, and it did so.

It was also argued that the court erred in admitting testimony as to light being cut off from plaintiff's premises, by shadows cast by the station of the defendant, which was not in front of the premises, and was on the avenue 25 feet south of them. The ground taken is that the easements of the plaintiff are such as exist only directly in front of the premises, and are a burden upon the part of the street directly in front, and not to any extent on the street north or south. This does not seem to coincide with the practical use of a street, in tending to benefit property upon it. More light is thrown upon

the house from the sides than immediately in front.   The alternative would be that the street might be closed without compensation, provided the part immediately in front were not taken.   There was no error in the admission of the testimony.   In *Insurance Co.* v. *Stevens*, 101 N. Y. 417, 5 N. E. Rep. 353, the court seems to hold that, under the facts of that case, the light or air or convenience of access was not, in fact, taken from the defendant's property, from the occupation by plaintiff of a part of a supposed street to the side of defendant's property.   The other objections have been passed upon in other cases, and need not be stated here.   Judgment affirmed, with costs.   All concur.