PETER · KEARNEY, Respondent, *v.* THE METROPOLITAN ELE-VATED RAILWAY COMPANY et al., Appellants.

Prior to the construction of defendants' elevated railroad in a street in the city of New York, premises abutting on said street, then a vacant lot, were leased to one S. for a term of years, the lessor covenanting that, if during said term the lessee erected upon said lot a building of a character described, she would at the expiration of the term pay the value of the same or grant a renewal for another term.   The lessee built upon said premises and thereafter assigned the lease to plaintiff, who took possession and has since then been in possession.   After the construction of defendants' road and upon the expiration of the term, the lessor, in accordance with the covenants of the lease, executed to plaintiff a new lease which contained similar provisions as to renewal and the purchase of the building on the premises.   In an action to restrain the operation of said road and for damages, the court granted the injunction, unless defendant paid a sum fixed as the value of the ease-ments appropriated or interfered with, and awarded damages for injuries to the property during the six years preceding the commencement of this action.    *Held,* no error; that plaintiff's title and right of possession date from the assignment of the lease to him; that the new lease must be regarded as simply a continuation of the prior one; that plaintiff for the purposes of the case was to be construed as the owner of the building and was entitled to recover such sum as represented its diminished rental value caused by the construction and operation of the road.

Also *held,* that plaintiff was entitled to damages for the period during which the premises were leased by him to sub-tenants.

The distinction pointed out between this case and that of a tenant holding under a lease executed after the construction of the road.

(Argued October 9, 1891; decided December 1, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made March 3, 1891, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to restrain the further maintenance and operation of defendants' elevated railroad in front of plaintiff's premises in the city of New York, and to recover damages suffered in consequence thereof.

The facts, so far as material, are stated in the opinion.

*Brainard Tolles* for appellants. The plaintiff, having taken a lease of the premises in question after the construction of the railroad in front of them and having suffered no loss by reason of the railroad, had no right to substantial damages or to an equitable remedy. (*Shepard* v. *M. R. Co.*, 117 N. Y. 442; *Bradley* v. *Aldrich*, 40 id. 504; *Wheelock* v. *Lee*, 74 id. 495; *Beck* v. *Allison*, 56 id. 366.)

*G. Willett Van West* and *Edwin M. Felt* for respondent. The court properly refused to find that plaintiff had no interest in the premises acquired previous to May 1, 1884, that entitles him to recover. (*N. Y. N. E. Bank* v. *M. E. R. Co.*, 108 N. Y. 160; 21 J. & S. 511.) The plaintiff was entitled to recover the diminished rental value from October, 1882, to the time of trial. (*Tallman* v. *M. E. R. Co.*, 121 N. Y. 119; *Post* v. *M. R. Co.*, 125 id. 698; *Kane* v. *N. Y. E. R. Co.*, Id. 187; *Timlin* v. *S. O. Co.*, 126 id. 527; *Jennings* v. *Van Shaick*, 108 id. 534; *Francis* v. *Schoellkopf*, 53 id. 152; *Henderson* v. *N. Y. C. R. R. Co.*, 17 Hun, 350; *Taylor* v. *M. E. R. Co.*, 18 J. & S. 339; Gale on Easements [6th Eng. ed.], 561; *Jesser* v. *Gifford*, 4 Burr. 2141; *Harr* v. *Jackson*, 11 Mass. 519; *Sumner* v. *Tileston*, 7 Pick. 198; *Bell* v. *Midland*, 10 C. B. [N. S.] 287.) The defendants cannot set off benefits. (*Wesfelman* v. *M. R. Co.*, 11 N. Y. Supp. 68; *Wiltsie* v. *Eaddie*, 4 Trans. App. 481; *Bank* v. *M. E. R. Co.*, 97 N. Y. 640; *Cuney* v. *Andrews*, 14 N. Y. S. R. 657;

*Robinson* v. *Smith*, 7 N. Y. Supp. 38; *Dolan* v. *Merritt*, 18 Hun, 28; *Mulford* v. *Wager*, 7 N. Y. Supp. 88.) There was no error in permitting a witness to state that a shadow was caused by the station. (*Kane* v. *N. Y. E. R. Co.*, 125 N. Y. 187; *Lahr* v. *M. E. R. Co.*, 104 id. 268.)

O'BRIEN, J. The judgment in this case contains an injunction restraining the defendants from the continued maintenance and operation of their elevated railway in front of the plaintiff's premises No. 738 Sixth avenue in the city of New York, unless, within the time fixed therein, the defendants pay to the plaintiff the sum of $525, as the price of so much · of the plaintiff's easements, or other property appurtenant to his said premises, as are taken, appropriated or otherwise interfered with by the maintenance and operation of the railway. The judgment also awards to the plaintiff the sum of $1,062 for the injuries to his property sustained during the six years preceding the commencement of the action, with the interest thereon. The questions involved in this appeal are in respect to the plaintiff's interest in the property. The building is a four-story brown stone front, the second above 42d street, the first story being used as a store, and the apartments above fitted up for dwellings. One of the passenger platforms of defendants' stations extends across the entire front of the building. The nature of the plaintiff's interest appears from the following facts found by the trial court: On the 1st of May, 1863, Glorvina N. Hoffman, who was then the owner of the lands, executed and delivered to one John C. Sares, a lease in writing and under seal, in which her husband joined, whereby she demised to Sares the premises, which, it seems, then consisted of a vacant lot only, for a term of twenty-one years from that date, at the yearly rent of $250 per year, besides all taxes and assessments. The lease also contained numerous conditions and covenants, none of which need be referred to, except the following: It was stipulated that if during the term the lessee should erect upon the lot a dwelling three stories or more in height above the basement, and constructed of brick or stone,

the lessor would, at the expiration of the term, either pay to the lessee the just and full value of the house at the time, such value to be ascertained according to a method prescribed in the instrument, or grant a new lease to the tenant or his assigns for a further term of twenty-one years, at a yearly rent to be ascertained as therein provided for. The lease also provided for other renewals thereof or the purchase of the building, at the option of the lessor, and also that at the final termination of the lease the lessee or his assigns might remove the building on certain conditions, if the landlord did not elect to purchase. In March, 1866, the house in question having been then erected, Sares assigned the lease, with all the benefits and obligations, to the plaintiff for the consideration of $8,000. The plaintiff took possession of the premises at the date of the assignment of the lease to him and has been in possession ever since, either as occupant or landlord. On May 1, 1884, upon the expiration of the lease above described, Mrs. Hoffman, the owner of the ground, executed and delivered to the plaintiff a new lease, in which reference is made to the former lease to Sares, the assignment thereof to plaintiff, the expiration of the first term, and its surrender to the lessor, and then proceeds to demise the premises to the plaintiff for a first term of ten years, at a yearly rent of $900, with provisions for four renewals of the term of ten years each. It contained the same provisions as the first lease concerning the payment of rent, taxes and assessments, the mode in which the rental upon any renewal was to be ascertained, and the purchase or removal of the building. The construction of defendants' railway in front of the premises was commenced in January and completed in June, 1878, and this action was commenced October 5, 1888. The plaintiff's title and right of possession must date from the assignment of the lease to him by Sares in 1866. The lessor under the first lease upon the expiration of twenty-one years, in 1884, instead of purchasing the building, as she might, elected to grant to the plaintiff a new lease. The provisions in the two leases are so connected that the plaintiff's title when he brought the action must be held to be continuous since 1866, and that

the price paid by plaintiff was with reference to the situation then existing. But two points have been argued by the defendants upon this appeal: 1. That as plaintiff took a lease of the premises in 1884, after the construction of defendants' road, he has no right to substantial damage or an equitable remedy. 2. That the plaintiff cannot recover damages for the period during which the premises were leased by him to tenants.

The first point ignores the fact already pointed out that plaintiff's title accrued in 1866 and before the construction of the road. The lease of 1884 cannot be deemed a new or voluntary arrangement, but a continuation of the lease of 1863, which the plaintiff may have been obliged to enter into in order to preserve his existing rights. The plaintiff's rights under the lease of 1884 are but an extension of the rights acquired under the lease of 1863. He was for all the purposes of this case the absolute owner of the building since 1866, and we perceive no reason why he was not entitled to recover such sum as represented its diminished rental value in consequence of the construction, maintenance and operation of the defendants' railroad. This is not the case of a tenant, under a lease made after the road was built, suing for an injury to his possession, but an owner under title acquired before that time, seeking to recover for loss of rents. As such owner of the building he could also recover such permanent injury as he sustained by the appropriation by the defendants of such easements as were taken and were appurtenant to the house and a part of it. The trial court found that for more than half the period prior to the commencement of the action for which the rental damage was recovered, the premises were in the possession and occupancy of tenants under the plaintiff. The defendants' counsel insists here, as he did in the court below, that no damage should be allowed for this period, as the injury, if any, was inflicted upon the tenant. Since the argument, that point has been determined against the defendant in another case. That decision must control the disposition to be made of this case, and we will not attempt to add anything to the reasoning

by which the result was reached. (*Kernochan* v. *N. Y. E. R. R. Co.*, 128 N. Y. 559.)

The judgment should, therefore, be affirmed, with costs.

All concur, except EARL, J., not voting.

Judgment affirmed.