Opinion on reargument:
The trial court refused to find that the plaintiff, during the time in question, occupied and used his building as a dealer in flour, and for its storage and manipulation. The evidence required such finding, if it was material to the question of damages. There was evidence tending to show a substantial impairment of the actual rental value of the plaintiff's premises, caused by the acts of the defendants, but there was none tending to show any special injury to the plaintiff's flour business. The defendants thence contend that there was no evidence to support the finding that plaintiff's past damages were $350 per year, and that if the finding requested had been made, it must thence have been inferred that the plaintiff suffered no loss.
The defendants' position in effect is, we did, it is true, impair the actual or marketable value of the plaintiff's premises for *Page 327 
six years, but he can recover nothing, because he did not offer his premises for rent, but used them himself in his own business, and has not proved, in respect of that business, that our acts occasioned him any loss or damage.
We do not think the defendants' position tenable.
The past damages which the plaintiff was entitled to recover were measurable by the amount which the rental or usable value of the plaintiff's premises had been diminished by the construction, maintenance and operation of the defendants' railway. (Tallman'sCase. 121 N.Y. 119; Lawrence's Case, 126 id. 483.)
The Tallman case is supposed by the defendants to support their contention, but it states the rule as above. In that case the plaintiff was seeking to recover damages in excess of the impairment of the actual rental value of his premises, by recourse to the possible or imaginary rental value in case he had built houses upon them at a supposable cost and had rented them at a supposable rent. The court held that he must rely upon the actual rental or usable value. He could take his choice between the rental or usable value as his premises actually were, whichever was most profitable to him. The defendants in the present case seem to think that, for the purpose of diminishing the damages, they can take their choice between the actual rental or usable value of the premises as they were actually used. The case affords no warrant for such a position. The defendants were wrongdoers and must pay full compensation for the wrong done by them. Suppose the plaintiff's lot was vacant, neither used nor rented, but was rentable. If the defendants seized and held it for six years without the plaintiff's consent, they would clearly be liable for its rental value. Suppose they wrongfully seized and appropriated, for six years before making compensation, its easements of light, air and access, and thus impaired its rental value; the difference in the cases would be in degree, but not in kind, and the defendants would still be liable, irrespective of the fact that the plaintiff had not sought to put the lot to any use. The Lawrence case, above cited, is authority to the *Page 328 
effect that extra rent derived by the plaintiff from tenants who put his building to improper uses, though practically compensating him for the impairment by the wrongful acts of the defendants of the rental value of his premises, did not inure to their relief. That case touches the principle involved in this. It is none of the defendants' concern whether plaintiff realizes from his premises the rent the market affords him, or foregoes it for the sake of a special business which he may choose to manage, however small or unprofitable. Seventh Ward Nat. Bank v. N YEl. R.R. Co. (21 J. S. 412-418) seems to be an authority for plaintiff's contention, but the rule there stated was held inapplicable to a case like the present, in Kearney's case (14 N YS.R. 854, affirmed 129 N.Y. 76), without discussing the point.
We do not regard it as applicable to the case before us.Greene v. N.Y.C. H.R.R.R. Co. (12 Abb. [N.C.] 124) is cited with approval in Tallman's case. It is there held that the impairment of the rental value may be determined with reference to the uses to which the premises could have been put in the condition they were in. These premises could have been put to rent.
As the plaintiff elected to rely upon the rental instead of the usable value of his premises, it was not error to refuse to find how he used them.
I advise an affirmance of the judgment.