## DAY v. NEW YORK EL. R. CO. et al.

(Superior Court of New York City, General Term. May 1, 1893.)

ELEVATED RAILROADS—INJURIES TO ABUTTERS—RENTAL VALUE.

Where defendant maintained an elevated railroad in front of premises leased by plaintiff, she was entitled to recover the diminished rental value caused by the construction of the road until the expiration of the term.

Appeal from equity term.

Action by Mary Day against the New York Elevated Railroad Company and others to enjoin defendants from maintaining an elevated railway in front of plaintiff's premises, or to recover the damages to such premises by the maintenance of such road. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN and McADAM, JJ.

J. T. Davies and R. L. Maynard, for appellants.

E. D. Hawkins, for respondent.

McADAM, J. The judgment restrains the defendants from maintaining their elevated railway structure in front of No. 1009 Third avenue, until February 1, 1894, unless they pay the plaintiff $1,250, etc. The claim for past damages was waived, and the plaintiff was allowed the value, to the end of the first term of the plaintiff's lease, (February 1, 1894,) and of so much of plaintiff's easements of light, air, and access to said premises as had been taken by the defendants, such value being computed from the commencement of the action. The plaintiff is the owner of the building, and the lease contains covenants of renewal, but these were not taken into consideration in the allowance made by the trial court. As lessee, the plaintiff was entitled to recover the diminished rental value caused by the construction and operation of the defendants' road until the expiration of the first term demised. New York Nat. Exchange Bank v. Metropolitan El. Ry. Co., 53 N. Y. Super. Ct. 511, affirmed 108 N. Y. 660, 15 N. E. Rep. 445; Kearney v. Railroad Co., 129 N. Y. 76, 29 N. E. Rep. 70. This value was assessed upon legal principles, and the amount fixed is not excessive. The judgment provides for the usual injunction in such cases, which is not to take effect until 60 days after service of a copy of the judgment, and requires the execution of the necessary releases by the plaintiff upon tender of the $1,250, with interest. We find no errors in the rulings or in the judgment appealed from, which must be affirmed, with costs.