(9 Misc. Rep. 657.)

WILSON v. NEW YORK EL. R. CO. et al.

(Superior Court of New York City, General Term. August 27, 1894.)

1. TRIAL—FINDINGS—ALTERNATIVE REQUEST.
      It is improper to request that a certain proposition be found as a conclusion of law, and, if not so found, that it be found as a finding of fact.

2. EASEMENTS—LOTS ABUTTING ON STREET.
      The easements in a street appurtenant to a city lot are not confined to the space immediately in front of the lot.

Appeal from equity term.

Action by Peter M. Wilson against the New York Elevated Railroad Company and others to enjoin the operation of defendants' elevated railroad in the street in front of plaintiff's premises, and for damages. From a judgment in favor of plaintiff for $5,680 damages, and enjoining defendants from operating their railroad unless defendants shall within six months from the service of the judgment institute condemnation proceedings to acquire plaintiff's property, and pay the award of commissioners appointed in such proceedings, defendants appeal. Affirmed.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

Davies, Short & Townsend, for appellants.
Larned & Warren, for respondent.

FREEDMAN, J. The judgment appealed from awards to the plaintiff the sum of $5,680 for past damages, and provides for a perpetual injunction restraining the defendants from operating their elevated railway in front of plaintiff's premises, unless the defendants, within six months, acquire, in the regular course of condemnation proceedings, title to so much of plaintiff's property as was taken by them for the purposes of their railroad. The plaintiff is the owner of a block of land lying between Greenwich and Hudson streets on the west and east, and running along Bank street on the south. When this suit was commenced it was covered by a six-story building having a front of about 120 feet on Greenwich street. There were 20 windows on each floor. This building was supplied with a steam-power plant, and the different floors were rented to tenants, with power for manufacturing purposes. The building was burned April 16, 1891. In its place another building was erected, exactly like the one destroyed, except that the new building has a wall through the center, parallel with Greenwich street, and is one story higher. This, however, is of no importance on this appeal, as the judgment gave to the plaintiff damages only to April 29, 1890, the date of the commencement of the action. The elevated railroad structure comes within eight feet of the Greenwich street front, and obstructs the light along said front. There are four posts set in the sidewalk in front of the building. The structure projects over the sidewalk. Smoke, cinders, and ashes are thrown into and upon the windows. Upon the whole case the evidence is abundant that there is substantial fee damage. No other conclusion could have been reached by the trial judge. As that is all that was determined, and the amount was left to be ascertained by condemnation proceedings, it is not necessary to notice any of the exceptions taken by the defendants to rulings affecting only the amount of such damage. This amount is to be determined by the commissioners in condemnation proceedings, according to the rules which govern in such proceedings. For the reasons stated no error was committed in refusing to dismiss the complaint, and in granting to the plaintiff equitable relief.

It is insisted, however, that there was error in determining the past damages, because in such determination the trial judge took into consideration the alleged interference by defendants with plaintiff's easements in Bank street. There is no valid foundation for this claim. The mere fact that the plaintiff, in his complaint, alleged such interference in Bank street as well as in Greenwich street, is of no importance, if plaintiff is apt to claim more than he is entitled to. In fact the plaintiff claimed $20,000 for past damages, and was awarded the sum of $5,680. There was no error in refusing the following finding, which the defendants requested to be made, viz.: "The plaintiff's easements in Greenwich street, appurtenant to said lot and premises, are within the space inclosed by the northerly and southerly lines of the said lot, produced across Greenwich street." In the first place, the request was that the proposition contained therein should be found as a conclusion of law, and, if not so found, that it should be found as a finding of fact. This practice has been expressly condemned by the court of appeals in Steubing v. Railroad Co., 138 N. Y. 658, 34 N. E. 369. It is now completely abolished by the Code amendments of 1894. In the second place, the case of the plaintiff is not to be thus restricted, because the easements appurtenant to plaintiff's premises by virtue of their frontage on Greenwich street are not limited as contended for by the defendants. The decisions by the general term of the supreme court in Galway v. Railway Co., 13 N. Y. Supp. 47, affirmed in 128 N. Y. 132, 28 N. E. 479, and by the general term of this court in Kearney v. Railway Co. (Super. N. Y.) 13 N. Y. Supp. 608, affirmed in 129 N. Y. 76, 29 N. E. 70, are fatal to defendants' contention on this point. As matter of fact, the building on the entire premises of the plaintiff was a single structure, although it fronted on three streets. That being so, the defendants, as trespassers, are liable for the past damages inflicted by their acts on Greenwich street upon the entire property, in the condition it was when injured by them, and they are not entitled to have their liability limited by arbitrary lines. This proposition seems to be settled by the decisions of the court of appeals in Stevens v. Railroad Co., 130 N. Y. 95, 28 N. E. 667, and Bischoff v. Railroad Co., 138 N. Y. 257, 33 N. E. 1073. In the case first cited the reasoning of Greenwood v. Railway Co., 58 N. Y. Super. Ct. 482, 12 N. Y. Supp. 919, was disapproved, and the case of Mooney v. Railroad Co. (Com. Pl. N. Y.) 9 N. Y. Supp. 522, was distinguished. The liability of the defendants being as stated, the judgment should not be reversed for the sole reason that, in the course of the examination of witnesses as to the physical effects of the elevated railroad upon plaintiff's building, the questions were not always framed in such a way as to show distinctly that no claim was made for a separate infringement of an easement in Bank street. An examination of the whole record shows that at no time or stage of the proceedings did the learned trial judge entertain the idea that the plaintiff could recover anything for such a separate infringement. Under all the circumstances disclosed, the amount awarded for past damages is a reasonable one, and

substantial justice seems to have been done.    The record shows
no exception which calls for reversal.    The judgment should be
affirmed, with costs.    All concur.