George F. Hussner et al., Respondents, *v.* The Brooklyn City Railroad Company, Appellant.

| | |
|---|---|
| 114 | 433 |
| 121 | 521 |
| 114 | 433 |
| 122 | 13 |
| 114 | 433 |
| 128 | 567 |
| 129 | 85 |
| 114 | 433 |
| 134 | 14 |
| 134 | 331 |

Prior to 1877 defendant operated a horse car railroad on Third avenue in the city of B. By an ordinance of the common council of the city, pursuant to the act of 1873 (Chap. 432, Laws of 1873), it was authorized to run cars by steam motors between the city line on the south and Twenty-fourth street on the north. It did not stop its cars so propelled, however, at said street, but passed into and along it for some distance, backed them into Third avenue, and then in front of plaintiffs' premises, which are situated on the north-westerly corner of Third avenue and Twenty-fourth street, they were switched onto another track, making much noise, shaking plaintiffs' buildings, casting cinders, smoke and dust

upon their premises, and interrupting the ordinary use of the street. In an action to recover damages, *held*, that plaintiffs, although not owners of the street, as abutting owners had such an easement therein as to enable them to insist, as against defendant, that it should be devoted only to the uses consistent with a public street; that the use of steam as a motive power in the manner stated was unlawful and in the nature of a nuisance, and plaintiffs were entitled to recover the damages sustained.

The evidence tended to show that said unlawful acts depreciated the rental value of plaintiffs' premises. *Held*, that such depreciation was a proper measure of damages.

Under the instructions of the court, recovery was had for such damages up to the time of the trial. No objection was made that the recovery should have been limited to the damages which accrued before the commencement of the action. *Held*, that the question could not be presented on appeal.

*It seems* the recovery is a bar to any future claim for damages up to the time of trial.

Plaintiffs' complaint alleged, in substance, that they owned the fee of the avenue to its centre, and that defendant unlawfully operated its cars within and upon their half of the avenue. On the trial plaintiffs waived any right to recover nominal damages for trespass and claimed only to recover the damages to their premises occasioned by the nuisance, and the court, in its charge, made the right to recover dependent upon the finding of the jury that there had been a substantial injury to the premises and that the question as to whether they were bounded by the centre of the avenue had no importance. Defendant's counsel requested the court to charge that plaintiffs had no title to the fee in the avenue and that defendant had not trespassed upon their property. The court declined to charge other than as before charged. *Held*, that, as the question of title and trespass was, by the waiver of plaintiffs' counsel and the charge made, out of the case, defendant could not have been prejudiced by the refusal.

(Argued April 23, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 23, 1886, which affirmed a judgment in favor of plaintiffs, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*Samuel D. Morris* for appellant. The proof so clearly preponderated against the plaintiffs' claim for damages that a

nonsuit should have been granted.  A mere scintilla of evidence will not sustain a recovery.  (*Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 359; *Improvement Co.* v. *Mason*, 14 Wall. 442.) The plaintiffs did not own the fee to the centre of the street. (*Wetmore* v. *Law*, 34 Barb. 515; *English* v. *Brennan*, 60 N. Y. 609; *White's Bk.* v. *Nichols*, 64 id. 65; *Augustine* v. *Britt*, 15 Hun, 395; 80 N. Y. 647.)  Defendant was entitled, therefore, to have the jury charged as requested, that the plaintiffs have no title to the fee in Third avenue, and that the defendant has not trespassed upon the plaintiffs' property in operating its road in front of plaintiffs' property.  (*Paulitsch* v. *N. Y. C.*, 4 East. Rep. 922; *Green* v. *White*, 37 N. Y. 405.)

*George W. Roderick* for respondents.  The defendant created a nuisance in the highway, such use of the highway being in direct violation of law, not having obtained the requisite consents of the mayor and common council of the city of Brooklyn, and of the plaintiffs, and the plaintiffs, as abutting lot owners, even though their title does not extend to the soil of the highway itself, having an easement in such highway, and having suffered special damages by reason of the nuisance to their premises, are entitled to maintain an action to recover the damages, and even enjoin such unlawful use of the highway by an action in equity.  (*Mahady* v. *B. R. R. Co.*, 91 N. Y. 148; *Uline* v. *N. Y. C. R. R. Co.*, 101 id. 98; *Lahr* v. *M. R. R. Co.*, 104 id. 291; *Henderson* v. *N. Y. C. R. R. Co.*, 78 id. 423; *Story* v. *El. R. R. Co.*, 90 id. 122; *Milhau* v. *Sharp*, 27 id. 611, 624, 625; *People* v. *Kerr*, Id. 193; *Davis* v. *Mayor, etc.*, 14 id. 507; *Corning* v. *Loweree*, 6 Johns. Ch. 439; *Atty.-General* v. *Cohoes*, 6 Paige, 133; *Williams* v. *N. Y. C. R. R. Co.*, 16 id. 97, 111; *Gardner* v. *Newburgh*, 2 Johns. Ch. 168; *Francis* v. *Schoelkopf*, 53 id. 152; *Willoughby* v. *Jenks*, 20 Wend. 96; *Presb. Soc.* v. *A. & R. R. Co.*, 3 Hill, 567; *Wager* v. *T. U. R. R. Co.*, 25 N. Y. 561; *Craig* v. *R., etc., R. R. Co.*, 39 id. 404; *Carpenter* v. *O. R. R. Co.*, 24 id. 265; 18 Am. Law Rep. 707; *R. G. L. Co.* v. *Calkins*, 62 id. 386; *Mahon* v. *N. Y. C. R. R. Co.*, 24 id.

658 ; *People ex rel. Ennis* v. *Schroeder*, 76 id. 160 ; 12 Hun, 413 ; *North* v. *Cary*, 4 T. & C. 357 ; *N. Y. & B. S. M. Co.* v. *City*, 71 N. Y. 580 ; 2 R. S. 555, § 27 ; *People* v. *Nichols*, 52 N. Y. 481.) The defendant will not be permitted on this appeal to claim that it was error on the part of the trial judge to permit the plaintiffs to recover damages to the date of the trial instead of to the date of the commencement of the action. (*Uline* v. *N. Y. C. R. R. Co.*, 101 N. Y. 98 ; *Lahr* v. *M. R. R. Co.*, 104 id. 293 ; *McGovern* v. *N. Y. C. R. R. Co.*, 67 id. 417.) It is immaterial that the nuisance was created before the plaintiffs became the owners of the property ; its continuance from day to day after the plaintiffs became such owners amounted to the creation of a fresh nuisance. (*Uline* v. *N. Y. C. R. R. Co.*, 101 N. Y. 98 ; *Lahr* v. *Met. El. R. R. Co.*, 104 id. 295.)

BRADLEY, J. The action was brought to recover damages to the plaintiffs' premises, alleged to have been suffered by the unlawful running and operating of the defendant's cars upon the street in front of such premises, which are situated on the north-westerly corner of Third avenue and Twenty-fourth street in the city of Brooklyn. Prior to 1877 the defendant operated a horse car railroad on the avenue, and then pursuant to an ordinance, authorized by Laws of 1873, chapter 432, steam motors were applied by the defendant to run its cars between the city line on the south and Twenty-fourth street on the north. For the purposes of this review it must be assumed that the defendant had the right to use such motive power to run its cars upon Third avenue between those points, and that the plaintiffs had no right to complain of the exercise of such right. The subject of their complaint is, that the defendant's cars, so propelled, did not stop at Twenty-fourth street, but that after passing into and along it for some distance, they were backed into Third avenue on the north side of that street, and there, in front of the plaintiffs' premises, were switched on to the southerly bound track, and in so doing, as evidence on the part of plaintiffs tends to prove, much noise

was made, the plaintiffs' buildings shaken some, and cinders, smoke and dust discharged and cast upon their premises, and the ordinary use of the street there interrupted to the annoyance of the occupants, and, as a consequence, the value of the use of the property was depreciated. It is said this was continued, with only a few minutes intermission between trains, daily, from early in the morning until midnight. The plaintiffs' building occupies fifty feet, fronting on the avenue, and consists of three stores on the ground floor and a dwelling over the central portion of them. The plaintiffs, as abutting owners, had such an easement in the street as to enable them to insist, as against the defendant, that it should be devoted to such use only as was consistent with its purposes as a public street. (*Story* v. *N. Y. El. R. R. Co.*, 90 N. Y. 122; *Lahr* v. *Met. El. R. R. Co.*, 104 id. 268.) It will be assumed that the defendant had acquired the right to operate a horse railroad on the avenue in front of the plaintiffs' place. The right to do so, given pursuant to statute, is not deemed inconsistent with street uses. (*People* v. *Kerr*, 27 N. Y. 188; *Mahady* v. *Bushwick R. R. Co.*, 91 id. 148.) The use of steam as a motive power in the movement of its cars, at the place in question, was without right on the part of the defendant, and so far as it, and the manner in which it was used there in the operation of the cars, had the effect to molest the occupants in the use and enjoyment of the premises as indicated by the evidence, on the part of the plaintiffs, it was in the nature of a nuisance. Whether any substantial injury resulted to the premises and their use from such causes, was a question of fact for the jury upon the conflicting evidence in that respect. The inquiry to which the proof was directed, had relation to the effect upon the rental value of the premises, and there was evidence tending to show, that the consequence of such cause was a depreciation of such value to the extent fully equal to the amount recovered. The weight of the evidence on that subject is not here for consideration. It may be assumed, in view of the instruction to the jury, that recovery was had for such damages, so sustained, up to the time

of the trial, although the plaintiffs were entitled to recover such only as had accrued at the time of the commencement of the action. (*U line* v. *N. Y. C. & H. R. R. R. Co.,* 101 N. Y. 98; *Pond* v. *Met. El. R. R. Co.,* 112 id. 186.) But as that question was not raised at the trial, it is not here for consideration. If, however, the fact is as assumed in that respect, the recovery may be effectual as a bar to any future claim for damages sustained there by the plaintiffs prior to the time of the trial. (*McGovern* v. *N. Y. C. & H. R. R. R. Co.,* 67 N. Y. 417.)

The court was requested to charge the jury that the plaintiffs had no title to the fee in Third avenue, and that the defendant had not trespassed upon the plaintiffs' property in operating its cars in front of their property. The court declined to do so, other than as before charged, and the defendant's counsel excepted. The plaintiffs in their complaint set forth the description of the premises in the same manner as it was represented by the deeds put in evidence, and alleged that the ancestor of the plaintiffs, and from whom they derived their title by descent, was seized and possessed of the premises so described, " subject only to the public easement of a common street or highway in that part thereof called Third avenue." And they also alleged that, since the plaintiffs became such owners, the defendant had unlawfully operated its cars, propelled by steam, upon that portion of their premises within and bounded by the center line of the avenue. It is by reason of this element of trespass alleged in the complaint that the defendant's counsel contends the court should have charged as requested. Assuming, as we do, that such request was supported by the fact embraced in it in respect to the boundary of the plaintiffs' premises, the defendant was entitled to the charge as requested, unless the matter was obviated by what had occurred at the trial. The defendant's counsel had moved the court to require the plaintiffs to elect whether they would claim to recover for trespass or nuisance, and the court remarked that if the plaintiffs would waive their right to recover nominal damages for a trespass and ask to recover only

substantial damages for injury to the premises, the motion would be denied. Thereupon the plaintiffs' counsel waived any right they had to nominal damages for trespass. And in the charge to the jury the court so treated the case, and made the right of recovery dependent upon the finding of the jury that there had been a substantial injury to the use of the plaintiffs' premises by the operation of the cars with steam in front of the premises, and charged them that the question whether they were bounded by the center of the avenue had no importance. It is, therefore, clear that the question of title to land within the street was, by the waiver of the plaintiffs' counsel and the charge of the court, out of the case as it went to the jury, and that the defendant could not be, and was not, in any manner prejudiced by the refusal of the court to charge as so requested, or by the charge as made in that respect.

We have examined all the exceptions appearing in the record to have been taken by the defendant, and fail to see in them any support for the charge of error in the rulings of the court.

The judgment should be affirmed.

All concur, except BROWN, J., not sitting.

Judgment affirmed.