### REMING et al. v. NEW YORK, L. & W. RY. CO.

(*Superior Court of Buffalo, General Term.*   November 19, 1889.)

RAILROAD COMPANIES—TRACKS IN STREET—ABUTTING OWNERS—MEASURE OF DAMAGES.
     Where a railroad company has built a railroad track in a street on which plaintiff's property abuts, permanent depreciation in the value of plaintiff's property cannot be recovered in a common-law action, but he must be limited to a recovery of such temporary damages as have accrued up to the time of the commencement of the action. Following *Pond* v. *Railway Co.*, 19 N. E. Rep. 487; *Hussner* v. *Railroad Co.*, 21 N. E. Rep. 1002.

Appeal from trial term.

Argued before TITUS and HATCH, JJ.

*Rogers, Locke & Milburn*, for appellant.    *Day & Parker*, for respondents.

TITUS, J. This case comes before us presenting but a single question. On the trial this court held that if the jury should determine that the structure erected by the defendant in and along Water street, in front of the plaintiffs' lands abutting on that street, was permanent in character, the measure of damages would be the depreciation in value of the plaintiffs' property by reason of such structure. This was in accord with the decision of the general

term of this court when the case was before us the first time.   1 N. Y. St. Rep. 733.   We then endeavored to show that the facts of the case did not bring it within the rule laid down by the court of appeals in *Uline* v. *Railroad Co.*, 101 N. Y. 98, 4 N. E. Rep. 536; that inasmuch as the defendant in that case had only raised the grade of the street, and had not appropriated it to purposes inconsistent with its use by the public as a thoroughfare, the rule did not apply.   But in a case like the one now under consideration, when the street is occupied by an embankment permanent in its character, and devoted wholly to railroad purposes, to the exclusion of the public, it was thought that all the damages which the plaintiff had sustained had accrued, and was capable of being ascertained and determined, and could be recovered in a single action.   Since that decision was made, the precise question has been passed upon by the court of appeals so as to leave no doubt of the intention of our highest court to apply the rule in the *Uline Case* to all cases of this character, whether the obstruction is permanent or temporary.   *Pond* v. *Railroad Co.*, 112 N. Y. 186, 19 N. E. Rep. 487; *Hussner* v. *Railroad Co.*, 114 N. Y. 433, 21 N. E. Rep. 1002.   We are therefore constrained to hold that permanent depreciation in the value of the plaintiff's property cannot be recovered in a common-law action, but he must be limited to a recovery of such temporary damages as have accrued up to the time of the commencement of the action. The judgment must therefore be reversed, and a new trial ordered, with costs to abide the event.