Theodorus B. Woolsey et al., as Creditors and Trustees, etc., Respondents, *v*. The New York Elevated Railroad Company et al., Appellants.

In an action to restrain defendants from operating their elevated railroad in a street in front of plaintiffs' premises, it appeared that before the action was begun, plaintiffs' requested defendants to acquire their easements by condemnation. Proceedings for that purpose were begun after the action was commenced, and the next day after the trial thereof commissioners were appointed. After the trial the parties by stipulation asked the court to find the value of the property taken, so that by payment thereof an injunction could be avoided. *Held*, that an injunction was properly granted, subject to such payment; and that a refusal of the court to direct that the injunction should only become operative in case defendant failed to acquire the easements by condemnation was not error.

It appeared that a mortgage, duly recorded, given by plaintiff upon his premises was unpaid at the time of the trial. The judgment did not provide, as requested by defendants, for a release from the mortgage of the rights to be conveyed to defendants upon payment of the fee damages. *Held*; error.

The evidence tended to show a substantial impairment of the rental value of plaintiffs' premises; it appeared that they were occupied by plaintiff, W., who carried on business therein, but there was no evidence tending

to show any special damage to that business. The court refused to find as requested by defendant that plaintiffs did so occupy and own the building. *Held*, no error; as if plaintiffs had so occupied them and had sustained no damages in their business, they were still entitled to recover; that the damages were measurable, as plaintiffs should elect, by the amount which either the rental or usable value of the property had been diminished by the construction and operation of defendants' road, and as they had elected to rely on the rental value the findings asked for were immaterial.

(Argued February 12, 1892; decided March 8, 1892. Reargument ordered May 6, 1892. Reargued June 2, 1892; decided October 1, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 28, 1890, which affirmed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term.

This action was brought to recover damages caused by the erection and maintenance by defendants of an elevated railroad in front of plaintiffs' premises on Front street, in the city of New York, and to restrain defendants from operating their road in front thereof unless the fee damages are paid.

The facts, so far as material, are stated in the opinion.

*Brainard Tolles* for appellants.

*William Mitchell* for respondents.

FOLLETT, Ch. J. The appellants insist that the court erred in permitting the plaintiffs to recover for the diminished rental value of the premises occasioned by the maintenance and operation of the defendants' road, instead of the diminished value of the premises for the purposes for which they had been used since the road was constructed. The evidence shows that the building, No. 26 Front street, had been used, ever since the elevated road was opened, as a warehouse for storage and packing of flour by the plaintiff personally — it never having been rented or offered for rent. The plaintiff was permitted on the trial to give evidence of the rental value

with and without the road, to which evidence the defendants
objected on the ground that it was incompetent, irrelevant,
immaterial and not the proper measure of damages, but the
defendants did not suggest that the proper rule of damages
was how much the premises were injured for the particular
purposes for which they have been used.    The defendants
called three witnesses who gave evidence of how the rental
value was affected by the road, but they offered no evidence
as to the amount of damages occasioned to the premises for
the particular purpose for which they had been used.    The
case was evidently tried by both sides upon the theory that
the diminished rental value was the measure of past damages.
The question now sought to be argued was not raised at the
trial, but the appellants insist that it was raised by the seven-
teenth request which the court refused to find, which was in
fact supported by the uncontradicted evidence of the plaintiffs.
The following is the request:

"Seventeenth.    That since the time the said elevated rail-
road was constructed, and for many years prior thereto the
said building had been occupied by the plaintiff Theodorus B.
Woolsey, for the purposes of his business as a dealer in flour
and for the storage and manipulation of flour."

We do not think that this request, or any of the other
requests, called the attention of the court to the rule of dam-
ages which the defendants now assert should have been applied
to the case and the question which they seek to argue is not
before the court.

It is also urged that the court erred in refusing to direct that
an injunction should only become effective in case the defend-
ants failed to acquire the easements by condemnation.    The
road was built through Front street in June, 1878.    The
plaintiff testified, and in this he was uncontradicted, that
before this action was begun, he requested the defendants to
condemn the easements.    May 13, 1887, this action was begun,
and May 15, 1888, a notice of motion for the appointment of
commissioners in proceedings to condemn the easements was
served, and October 25, 1888, the next day after the trial of

this action was begun, the commissioners were appointed.
After this action was tried the parties by stipulation asked the
court to find the value of the property taken so that an
injunction could be avoided by payment of the amount so
found. Under this state of facts the court did not err in
awarding an injunction.

On the 16th of July, 1885, the plaintiff, Theodorus B.
Woolsey, gave a mortgage on the property to James Renwyck,
executor, etc., to secure the payment of $10,000, which was
duly recorded and at the time of the trial was unpaid. The
judgment does not provide for the release of this mortgage
from the rights to be conveyed by the plaintiffs to the defend-
ants upon the payment of the fee damages, which was asked
by the defendants but not granted. This was error.

The judgment should be modified by requiring the plaintiffs
to tender with their deed of release of the rights and ease-
ments, a discharge of this mortgage from the rights and ease-
ments so to be conveyed by the plaintiffs to defendants, and as
so modified, the judgment should be affirmed without costs to
either party.

Opinion on reargument:

Landon, J. The trial court refused to find that the plain-
tiff, during the time in question, occupied and used his build-
ing as a dealer in flour, and for its storage and manipulation.
The evidence required such finding, if it was material to the
question of damages. There was evidence tending to show a
substantial impairment of the actual rental value of the plain-
tiff's premises, caused by the acts of the defendants, but there
was none tending to show any special injury to the plaintiff's
flour business. The defendants thence contend that there was
no evidence to support the finding that plaintiff's past damages
were $350 per year, and that if the finding requested had been
made, it must thence have been inferred that the plaintiff suf-
fered no loss.

The defendants' position in effect is, we did, it is true, impair
the actual or marketable value of the plaintiff's premises for

six years, but he can recover nothing, because he did not offer his premises for rent, but used them himself in his own business, and has not proved, in respect of that business, that our acts occasioned him any loss or damage.

We do not think the defendants' position tenable.

The past damages which the plaintiff was entitled to recover were measurable by the amount which the rental or usable value of the plaintiff's premises had been diminished by the construction, maintenance and operation of the defendants' railway. (*Tallman's Case,* 121 N. Y. 119; *Lawrence's Case,* 126 id. 483.)

The *Tallman* case is supposed by the defendants to support their contention, but it states the rule as above. In that case the plaintiff was seeking to recover damages in excess of the impairment of the actual rental value of his premises, by recourse to the possible or imaginary rental value in case he had built houses upon them at a supposable cost and had rented them at a supposable rent. The court held that he must rely upon the actual rental or usable value. He could take his choice between the rental or usable value as his premises actually were, whichever was most profitable to him. The defendants in the present case seem to think that, for the purpose of diminishing the damages, they can take their choice between the actual rental or usable value of the premises as they were actually used. The case affords no warrant for such a position. The defendants were wrongdoers and must pay full compensation for the wrong done by them. Suppose the plaintiff's lot was vacant, neither used nor rented, but was rentable. If the defendants seized and held it for six years without the plaintiff's consent, they would clearly be liable for its rental value. Suppose they wrongfully seized and appropriated, for six years before making compensation, its easements of light, air and access, and thus impaired its rental value; the difference in the cases would be in degree, but not in kind, and the defendants would still be liable, irrespective of the fact that the plaintiff had not sought to put the lot to any use. The *Lawrence* case, above cited, is authority to the

effect that extra rent derived by the plaintiff from tenants who put his building to improper uses, though practically compensating him for the impairment by the wrongful acts of the defendants of the rental value of his premises, did not inure to their relief. That case touches the principle involved in this. It is none of the defendants' concern whether plaintiff realizes from his premises the rent the market affords him, or foregoes it for the sake of a special business which he may choose to manage, however small or unprofitable. *Seventh Ward Nat. Bank* v. *N. Y. El. R. R. Co.* (21 J. & S. 412–418) seems to be an authority for plaintiff's contention, but the rule there stated was held inapplicable to a case like the present, in *Kearney's* case (14 N. Y. S. R. 854, affirmed 129 N. Y. 76), without discussing the point.

We do not regard it as applicable to the case before us. *Greene* v. *N. Y. C. & H. R. R. R. Co.* (12 Abb. [N. C.] 124) is cited with approval in *Tallman's* case. It is there held that the impairment of the rental value may be determined with reference to the uses to which the premises could have been put in the condition they were in. These premises could have been put to rent.

As the plaintiff elected to rely upon the rental instead of the usable value of his premises, it was not error to refuse to find how he used them.

I advise an affirmance of the judgment.

HAIGHT, J. (dissenting). This action was brought to recover the damages sustained by reason of the construction, maintenance and operation of the defendants' elevated railroad in front of premises known as number 26 Front street, in the city of New York.

The judgment awards to the plaintiff, Woolsey, $1,900 past damages, together with interest and costs, and an injunction restraining the defendants from the further maintenance and operation of their railroad in front of the premises unless within thirty days from the entry of the judgment they pay the plaintiff Woolsey the sum of $5,500 as the fee damage.

The premises to which this action relates consists of a lot of land with a building thereon situated on the northerly side of Front street, between Broad street and Coenties Slip. The lot is twenty-three feet and five inches wide and sixty-five feet deep. The building is a brick warehouse, five stories high. The plaintiff's, Woolsey's, business is the storage, manipulation and sale of flour, and he has occupied the premises for that purpose since the year 1866.

One of the questions urged by the appellants upon this appeal was that the trial court had adopted an erroneous rule in awarding judgment for past damages. Upon our first examination of the case we reached the conclusion that this question was not raised for review by any exception taken upon the trial, but upon a re-examination of the case we have become satisfied that the question was raised and should be considered.

The court has found as facts:

" Twenty-seventh. The value of the property so taken from the time of the original taking to the date hereof is of the value of three hundred and fifty dollars for and during each year, and amounts to the date hereof to $1,900 in the aggregate."

The property taken is defined and described in the twenty fourth finding in the following language:

" The said unlawful taking consists, among other things, in the erection and maintenance of said structure itself, including a column embedded in the sidewalk and of the height above the street of about 17 10-12ths feet in front of plaintiffs' premises, and in drawing trains of cars on said structure by steam engines generating gas, steam and smoke, and distributing in the air cinders, dust and ashes and other noxious and deleterious substances and interrupting the free passage of light and air to and from plaintiffs' premises, and to and from adjoining premises."

Exceptions were taken to these findings.

We are at a loss to understand why the trial court should

have incorporated a finding that the free passage of light and air was interrupted "to and from adjoining premises."

If the damages awarded for the value of the property taken consisted of the interruption of light and air to and from adjoining premises an improper measure of damages was adopted. But we cannot believe that such was the intention of the trial court. No such claim was made by either party, and the concluding clause of the finding must have been inserted inadvertently.

It is also claimed that under the findings the money judgment is based on the annual value to the defendants of the use of the plaintiffs' easements; that the finding of such annual value is the sole basis of the judgment, and that there is no finding that the plaintiffs have suffered any loss or damage whatever by reason of the defendants' acts.

The language used in the findings may be properly subject to criticism, but we hardly believe it was intended to be understood as claimed.

The easements of light, air and access are incorporeal hereditaments. They have no existence apart from the dominant tenement. They may in their relation to it be destroyed or their enjoyment impaired, but cannot be otherwise taken. The defendants therefore took none of the plaintiff's property otherwise than in the sense that they interferred with the enjoyment of these easements by the plaintiff or destroyed their beneficial use to the extent of the injury sustained by him.

Upon the trial evidence was given as to what effect the construction and operation of the defendant's road had upon the rental value of the premises. Objection was taken to this, upon the ground that "it is not a proper measure of damages."

In the case of *Bank* v. *N. Y. El. R. R. Co.* (21 J. & S. 412–418), it was said by Judge INGRAM that: "The fact that its rental value in the market had been depreciated was no pecuniary loss to the plaintiff so long as it continued to use the property for its own purposes."

This rule, however, was not held applicable in case of an occupant of premises rendered disagreeable and uncomfortable. (*Kearney* v. *M. E. R. Co.*, 14 N. Y. S. R. 854.)

In the case under consideration, the plaintiff Woolsey, as we have seen, suffered from the loss or impairment of his easement of light and air. This would render his premises disagreeable and uncomfortable and although he continued in the possession thereof using them for his own business he is still entitled to compensation for the damages he has sustained; and in order to determine the amount thereof we think that evidence showing depreciation in the rental value was competent.

In the case of *Francis* v. *Schoellkopf* (53 N. Y. 152), the plaintiff had two houses; one was rented, and she resided in the other. They were rendered disagreeable and uncomfortable by reason of a nuisance maintained by the defendant. In an action to recover damages it was held that she was entitled to recover the depreciation of the rental value occasioned by the nuisance.

In *Kernochan* v. *N. Y. El. R. Co.* (128 N. Y. 559–566), ANDREWS, J., says that: "The principle that diminished rental value is a basis of awarding damages has been frequently recognized in these and similar cases." (See also *Hussner* v. *Brooklyn City Railroad Company*, 114 N. Y. 433; *Tallman* v. *M. E. R. Co.*, 121 id. 119.)

The damages which the plaintiff was entitled to recover were those which he had sustained in the use of his premises by reason of the construction and operation of the defendant's road. How much has the rental or usable value of the premises been diminished? As a basis for estimating the damages the premises must be taken as they are used during the time embraced in the action, and the recovery must be confined to the diminished rental or usable value as they were. (*Tallman* v. *M. E. R. Co.*, *supra: Rumsey* v. *N. Y. & N. E. R. Co.*, 133 N. Y. 79.)

Was this measure of damages adopted? As we have seen, the question is not satisfactorily answered from the findings referred to.

Upon reference to the defendants' seventeenth request, it appears that the court was asked to find that, "Since the time the said elevated railroad was constructed, and for many years prior thereto, said building has been occupied by the plaintiff, Theodorus B. Woolsey, for the purposes of his business, as a dealer in flour, and for the storage and manipulation of flour." The court refused to find as requested otherwise than as he had determined in the findings signed by him in the action. The defendants excepted to such refusal. The findings signed by the court contain no reference to the subject embraced in the request. The request is in accordance with the undisputed evidence and the conceded facts as disclosed by the plaintiff Woolsey's testimony and should have been found. The fact was material in its relation to the basis for the estimate of the damages which he was entitled to recover. Having occupied the premises himself in his business as a dealer in flour, and for the storage and manipulation thereof, he was entitled to recover such damages as he had suffered by reason of the maintenance and operation of the defendant's railway in the use which he had made of the premises.

The ruling of the court upon the request to find was in effect that it was irrelevant. In other words, that it had no bearing upon the question of the measure of damages, thus indicating that the rule adopted was other than that of the use made of the premises by the plaintiffs.

But it is said that the attention of the court was not called to this rule. The finding, as we have shown, was material and necessary in order to determine the true measure of damages. Were it not for the request, we possibly might assume, in aid of the judgment, that the court had found these facts, but the request to so find was refused.

In the case of *Meyer* v. *Amidon* (45 N. Y. 169), it was held that where a fact necessary to sustain the conclusion of law does not appear in the findings of fact and the case shows that upon a request to find as to such fact there was a refusal to find otherwise than as already found, and the conclusion of law is based upon the facts found, this court will not presume or infer in aid of the judgment a finding of the fact.

But, again, the defendant requested the court to find:

"*Nineteenth.* That there is no evidence from which the court can determine how much the value of the said building to the plaintiff, Theodorus B. Woolsey, for the purposes for which it has been used, has been diminished, if at all, by reason of the construction, maintenance and operation of the elevated railroad of the defendants in Front street."

This finding was refused, and properly; because, we think, there was some evidence upon which the court might determine the value. But the request pointedly calls the attention of the court to the true rule of damage as being that of the diminished value of the building of the plaintiff, " for the purposes for which it has been used." It consequently appears to me that the attention of the court was sufficiently called to the true rule of damages, and that the exception to the refusal to find the defendants' seventeenth request was well taken.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur with LANDON, J., except HAIGHT, J., dissenting.

Judgment modified as stated in opinion of FOLLETT, Ch. J., and as modified affirmed.