RICHARD KEENAN, as Administrator, etc., Respondent, v. THE BROOKLYN CITY RAILROAD COMPANY, Appellant.

In an action to recover damages for negligence causing the death of plaintiff's intestate, a boy five years of age, it appeared that plaintiff was the father and next of kin of the decedent. The court charged in substance that while the father had no legal claim to the earnings of the son beyond the age of twenty-one years, he could compel the son to support him in his old age, and the jury had the right to consider this fact. Defendant's counsel thereupon requested the court to charge that the father had no claim on the earnings of the son after maturity, except in case the former becomes poor, unable to support himself and the son is shown to have means. The court declined so to charge. *Held*, error.

*Keenan* v. *Brooklyn City R. R. Co.* (8 Misc. Rep. 601), reversed.

. (Argued March 5, 1895 ; decided March 19, 1895.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made May 28, 1894, which affirmed a judgment in favor of plaintiff entered upon a verdict and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Matthew Hale* for appellant. The court erred in denying the motions to dismiss the complaint. (*Stone* v. *D. D.*, *etc.*, *R. R. Co.*, 115 N. Y. 104; *Davenport* v. *B. C. R. R. Co.*, 100 id. 632; *Kuntz* v. *City of Troy*, 104 id. 351; *Fenton* v. *S. A. R. Co.*, 126 id. 625 ; *Winterfield* v. *S. A. R. Co.*, 49 N. Y. S. R. 435; *Bulger* v. *A. R. R. Co.*, 42 N. Y. 459; *Baker* v. *E. A. R. Co.*, 62 Hun, 39; *Jaquinto* v. *B. & S.*

*A. R. Co.*, 2 Misc. Rep. 174; *Dudley* v. *Westcott*, 44 N. Y.
S. R. 882; *Cosgrove* v. *Ogden*, 49 N. Y. 255; *Birkett* v. *K.
I. Co.*, 110 id. 504; *Huerzeler* v. *C. R. Co.*, 139 id. 490;
*Ehrman* v. *B. C. R. Co.*, 131 id. 576; *Murphy* v. *Orr*, 96
id. 14.) The court erred in its refusal to charge. (Code
Crim. Pro. § 914; *Volans* v. *Owen*, 74 N. Y. 526; *Stevens* v.
*Cheney*, 36 Hun, 1.)

*Rufus O. Catlin* for respondent. The motions to dismiss
the complaint were properly denied. (*Birkett* v. *K. I. Co.*,
110 N. Y. 504; *Stone* v. *D. D. & B. R. R. Co.*, 115 id. 104;
*Thurber* v. *H. R. R. Co.*, 60 id. 333.) The trial court would
not have been justified in taking the question of the parent's
negligence from the jury, but it was properly a question
to be determined by them upon all the evidence. It is not
negligence, as matter of law, for a parent to allow a child of
the age of plaintiff's intestate to go upon the street to play.
(*Murphy* v. *Orr*, 96 N. Y. 14; *Moebus* v. *Herrmann*, 108 id.
353; *Birkett* v. *K. I. Co.*, 110 id. 504; *Huerzeler* v. *C. F.
R. R. Co.*, 139 id. 490; *Stone* v. *D. D. & B. R. R. Co.*, 115
id. 104; *Kuntz* v. *City of Troy*, 104 id. 344; *Wendell* v. *N.
Y. C. R. R. Co.*, 91 id. 420.) The refusal of the court to
charge as a proposition of law that the father has no claim
on the earnings of the son beyond the age of twenty-one
years, except in case the father becomes poor, unable to sup-
port himself and the son is shown to have means was not
error. (*Hine* v. *Bowe*, 114 N. Y. 350, 357; *Conley* v.
*Meeker*, 85 id. 618; *Raymond* v. *Richmond*, 88 id. 671;
*Moody* v. *Osgood*, 54 id. 488; *Birkett* v. *K. I. Co.*, 110 id.
504.)

HAIGHT, J. This action was brought to recover damages
for negligently causing the death of the plaintiff's intestate.

The deceased was a boy five years of age, and the plaintiff,
Richard Keenan, was his father and next of kin.

In submitting the case to the jury, the trial judge charged,
upon the question of damages, that, "In an action for the loss
of services of a child by the father, the limit of recovery is

twenty-one years of age; but in deciding this case you may take into account, if you find it to be probable that this boy might have lived beyond the age of twenty-one years, and you may compensate the father for whatever age you find the probabilities of the case to be that this boy would have lived."

The defendant's counsel then requested the court to charge " that the father has no legal claim to the earnings of the son beyond the age of twenty-one years." The court charged that that was so as an abstract proposition of law, but added " that the father could compel the son to support him in his old age, and the jury had a right to consider that fact in ·deciding the facts of this case." Thereupon the defendant's ·counsel further requested the court to charge, as a proposition ·of law, " that the father has no claim on the earnings of the son beyond the age of twenty-one years, except in case the .father becomes poor, unable to support himself, and the son is shown to have means." The court declined to so instruct ·the jury, and an exception was taken by the defendant's counsel.

The Code of Criminal Procedure (§ 914) provides that " the father, mother and children of sufficient ability of a poor per- .son who is insane, blind, old, lame, impotent or decrepit so as to be unable by work to maintain himself, must, at their own charge, relieve and maintain him."

It will be observed that in the request to charge the expression occurs, " is shown to have means," whilst in the Code we find the words, " of sufficient ability." But we think the fair construction and meaning of the two phrases are the .same, were so understood and that the request was proper. Does the request state an abstract proposition of law not involved in this case ? The jury, in determining the amount of damages that should be awarded, was in duty bound to consider the various elements of pecuniary loss sustained by the father. First, the probable earnings of the son during his minority over and above his support, clothing and education ; ːnext,. the probability of his living and becoming of sufficient

ability to support his father in case of his becoming aged, poor and unable to support himself; and then they had the right to consider the amount he would have brought to his next of kin while living and their prospect of inheriting from him after death. (*Johnson* v. *Long Island R. R. Co.*, 80 Hun, 306; affirmed in this court, 144 N. Y. 719.)

The father had no right to the earnings of the son as such after he became twenty-one years of age. The charge as made left this question in doubt, and the remark of the court to the first request was to the effect that the father could compel the son to support him in his old age, without reference to his condition or inability to support himself. To make this proposition clear and eliminate the question of the earnings of the son after he became twenty-one years of age, the second request was made, and it appears to us that it was proper and the charge should have been made.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except GRAY, J., not sitting.

Judgment reversed.