(25 Civ. Proc. R. 249; 16 Misc. Rep. 677.)

### COGHLAN v. THIRD AVE. R. CO.[1]

(Supreme Court, Trial Term, New York County.   March 9, 1896.)

DEATH BY WRONGFUL ACT—DAMAGES—INFANT CHILD.

A father suing as administrator of his infant child may recover for loss of earnings which the child might have made, both while she was an infant and after she became of age.

Action by John Coghlan against the Third Avenue Railroad Company to recover damages for the death of plaintiff's infant child. The jury rendered a verdict for six cents damages in favor of plaintiff, and plaintiff now moves for a new trial.   Granted.

Welch & Daniels, for plaintiff.

Hoadley, Lauterbach & Johnson, for defendant.

GILDERSLEEVE, J.   The action is brought by the father, as administrator, under the statute (Code, §§ 1902, 1904), to recover damages for the death of his infant daughter, caused by defendant's negligence.   The jury were charged as follows:

"There can be no recovery in this case, whatever, for any loss of earnings which the child might have made while she was an infant, and until she had reached the age of twenty-one years. . They are the subject of a recovery in a separate action on the part of the father of the child."

The jury brought in a verdict for six cents damages, in favor of plaintiff, who now makes his motion for a new trial.   In the case of Watson v. Railroad Co. (affirmed 103 N. Y. 687, without opinion), an action brought under the statute to recover damages for the death of an infant son, resulting from injuries received through the negligence of defendant, the general term of the city court of Brooklyn held that the entire damages could be recovered in that action. The general term, however, expressed the opinion that there were two causes of action,—one in favor of the father, and the other in favor of the administrator, for the benefit of the next of kin.   The pleadings in that action were identical with those in the case at bar, and I think the case is an authority in support of plaintiff's claim on this motion.   The case of Keenan v. Railroad Co., 145 N. Y. 348, 40 N. E. 15, also supports the plaintiff's position.   The court there say that:

"The jury, in determining the amount of damages that should be awarded, was in duty bound to consider the various elements of pecuniary loss sustained by the father—First, the probable earnings of the son during his minority, over and above his support, clothing, and education; next, the probability of his living, and becoming of sufficient ability to support his father in the case of the latter becoming aged, poor, and unable to support himself; and then the jury had a right to consider the amount the deceased would have brought to his next of kin, while living, and their prospect of inheriting from him after death."

Where the deceased leaves no widow or children, the father, as next of kin, would be entitled to the whole recovery, in an action under the statute.   Code, § 2732, subd. 7.   Also, in an action for loss of services during minority, he would be entitled to the whole recovery.   Therefore, in such case, where the father is the exclusive

[1] Affirmed. See 39 N. Y. Supp. 1099.

beneficiary, the entire pecuniary loss may be recovered in one action. McGovern v. Railroad Co., 67 N. Y. 418. In the case at bar it must be said that, the recovery being exclusively for the benefit of the father, the loss of service during minority, and any other pecuniary loss that could be established, constitute substantially the same claim. And, in any event, it must be held that the plaintiff herein has elected to proceed for and recover his whole damage, including the loss of services of his child during minority, and that the recovery will be a bar to an action by the father, as such, assuming that he has a cause of action independent of the statute. See McGovern v. Railroad Co., supra; Hussner v. Railroad Co., 114 N. Y. 433–438, 21 N. E. 1002.

The jury should have taken into consideration, in estimating the pecuniary loss, the probable earnings of the child, during minority, over and above her support, clothing, and education. It was therefore error to charge the request above set forth, and for this reason the motion for a new trial should be granted. Under the circumstances, no costs are awarded.