# NEW YORK ELEVATED RAILROAD COMPANY v. FIFTH NATIONAL BANK.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 106. Argued November 13, 1889. — Decided May 5, 1890.

A party cannot take exception to a ruling under which a trial has been conducted by his procurement or with his acquiescence.

In an action by the owner of a building and land abutting on a street in the city of New York, against a company which had constructed an elevated railroad and station-house over and along the street, the plaintiff claimed damages for the injury to the use and enjoyment of his property by obstructing the passage of light and air and diminishing the rents, and also for the permanent injury to the market and rental value of the property. Evidence, offered by the plaintiff, of the value of the building, before and after the construction of the railroad, was excluded by the court upon the defendant's objection. The defendant contended that the plaintiff's damages should be limited to the date of bringing the action. But the court ruled that they might be recovered to the time of the trial; and evidence was introduced in accordance with that ruling without objection or exception by the defendant to the admission of the evidence, or to the ruling under which it came in. *Held*, that the defendant could not except to a subsequent refusal of the court to admit evidence that the value of the plaintiff's property had been increased by the construction of the railroad ; nor to an instruction allowing damages to be recovered to the time of trial; nor to the refusal of an instruction, requested by the defendant after the charge, that the recovery could be had only for the permanent injury to the plaintiff's property.

An abutter on a street in the city of New York may recover against a company constructing an elevated railroad and station-house in front of his building, damages for the discomforts and inconveniences in the occupation of the building, caused by the erection of the defendant's structure, independently of the running of trains thereon.

THIS was an action brought March 5, 1880, by a national bank against an elevated railroad company to recover damages for the construction of the defendant's track and station-house in front of the plaintiff's banking-house at the southwesterly corner of Third Avenue and Twenty-third Street in the city of New York.

The complaint claimed damages for the interference with the use, enjoyment and value of the plaintiff's building, and the obstruction of light and air, by the construction of the defendant's track and station; and for the interference with the use, comfort and enjoyment of the building by the plaintiff, its officers, servants and tenants, caused by the noise, steam, smoke and noxious smells attending the running of the trains, and for the consequent lessening of the rents and profits of the building; and also for the permanent injury to the use of the building and to its market and rental value, by the construction of the track and station, and by the jarring and concussion attending the running of the trains.

The answer denied that the plaintiff had any interest in Third Avenue and Twenty-third Street, except as shared with the public at large; denied the other allegations of the complaint, except that it admitted the erection of the elevated railway and station; and alleged that these structures were authorized by and in conformity with the statutes of New York of 1850, c. 140; 1866, c. 697; 1867, c. 489; 1868, c. 855; 1875, cc. 595, 606.

A verdict recovered by the plaintiff at a trial in February, 1885, was set aside and a new trial ordered. 24 Fed. Rep. 114.

At the second trial, in June, 1886, it appeared that Third Avenue and Twenty-third Street were laid out many years ago under the statute of New York of 1813, c. 86, § 178, by which the city acquired the title in fee of public streets,

avenues, places and squares, " in trust, nevertheless, that the same be appropriated and kept open for and as part of a public street, avenue, square or place forever, in like manner as the other public streets, avenues, squares and places in the said city are, and of right ought to be;" that the plaintiff bought its land and erected its building in 1874; that the building was four stories high, with business offices in the basement, the plaintiff's banking-house in the first story, and apartments let to tenants in the stories above; and that the defendant, under and in conformity with the authority conferred upon it by the statutes of New York, constructed in 1878, and had since maintained, a railway track over and along Third Avenue, fifteen feet above the surface of the street, and fifteen feet wide, supported by iron columns, and the west side of the track being about thirty-five feet from the west side of Third Avenue; and also a station-house, with stairs leading to and from it, at the intersection of Third Avenue and Twenty-third Street; and that locomotive engines and trains constantly passed over the track in front of the plaintiff's building.

The plaintiff's cashier, called as a witness in its behalf, testified, without objection by the defendant, that the track and station obstructed the access of light to and the circulation of air in the bank on the first story and the apartments on the second story, and compelled the plaintiff to use gas by day in the bank; and that this effect continued to the time of the trial.

He also testified, without objection, that " the structure, as it existed there, the elevated railway station and the platform and the bed of the road," reduced the rents of the building. He was then asked : " How much a year ? " The defendant's counsel interposed, and asked for " an election on the part of the counsel for the plaintiff as to whether in this action they are claiming for loss of rents, or for injury in consequence of the erection of the road." The court declined to require the plaintiff's counsel to make an election, but directed them to confine themselves to proving in any proper way that the structure as a permanent thing, without regard to the running of trains upon it, injured the plaintiff's building. The cashier there-

upon testified, without objection by the defendant, that there had been a loss in rents of $1000 a year since the structure had been there, and down to the time of trial.

The plaintiff offered to prove the value of the building, before and after the defendant's elevated railroad was built. This evidence was objected to by the defendant, and excluded by the court. Thereupon the following colloquy took place :

Defendant's counsel: "You only come down to the commencement of this action, I suppose ? I will ask counsel to make a determination of what he is going for. I suppose I have a right to ask for an election at this point."

The court: "For what length of time do you claim to recover ?"

Plaintiff's counsel : "We claim for permanent injury."

The court : "If you are entitled to recover, you claim damages should be assessed by the jury until now ?"

Plaintiff's counsel : "No, sir; but until as long as grass grows and water runs."

The court: "May be they will take it down; if they should, then you would not want to pay back anything. But you claim the right to recover prospectively. Counsel is entitled to know what you claim. I think the common law is, as I stated it, that where there is a consequential injury resulting from damages the damages may be recovered up to the time of the trial, and if they continue the right of recovery continues also. I think I will go by the common law, unless I see to the contrary before the trial closes."

Other witnesses were afterwards called and examined by both parties, without objection, as to the diminution of the light, air and rental of the building, from the time of the erection of the defendant's structures to the time of the trial; and as to the causes of such diminution.

Evidence that the value of the plaintiff's property had increased since the erection of this railroad structure, was offered by the defendant, and objected to by the plaintiff. The court sustained the objection and excluded the evidence, and the defendant excepted.

At the close of the evidence, the court denied successive

motions of the defendant to direct a verdict for the defendant because no facts had been shown sufficient to constitute a cause of action, and to direct the jury to render a verdict for the plaintiff for nominal damages only; and the defendant excepted to the denial of each of these motions.

The court instructed the jury that the plaintiff, having erected its building after Third Avenue and Twenty-third Street had been laid out as public streets, had the right to have those streets remain forever as open streets; and that if the structure erected by the defendant was such a permanent thing in the way of either street as an open street, as to make it cease to be an open street, or cease in a measure to be an open street, and so to subvert it from an open street into something else at that place, the plaintiff was entitled to recover "such damages as it has sustained by reason of the erection of this structure, which has subverted the street, from the time it was put up until now," taking into consideration the injury to the part of the building occupied as a bank, by hindering access to and egress from it, and by obstructing the admission of light and the circulation of air; and including not only an allowance for the expense caused by being compelled to use gas, but a fair compensation for other discomforts and inconveniences in its occupation in consequence of the defendant's structure; and also any diminution of the rents of the rest of the building, by reason of the defendant's permanent structure standing there in the two streets; but that no damages were "to be given on account of any inconvenience occasioned by the noise of the running of trains, or smoke, or cinders, or steam, or gas, or any of those things connected with the running of the trains."

The defendant excepted to the instruction that the plaintiff should be allowed such damages as it had sustained by the reason of the defendant's structure up to the present time; and also to that part of the charge which allowed a recovery for discomforts and inconveniences, other than being compelled to use gas, in so much of the building as was occupied by the bank.

The defendant, at the end of the charge to the jury, re-

quested the court to instruct them as follows: " The plaintiff is not entitled to recover in this action for loss of rents or of rental value. The recovery in this action, if at all, must be for permanent injury to the plaintiff's property by the defendant's interference with the easement of light and air." The court refused so to instruct the jury, and the defendant excepted to the refusal.

The jury returned a verdict for the plaintiff in the sum of $5000. A motion by the defendant for a new trial was overruled by the court. 24 Blatchford, 89 ; 28 Fed. Rep. 231. Judgment was thereupon entered for the plaintiff for the sum of $5068.33, being the amount of the verdict and interest; and the defendant sued out this writ of error, which the plaintiff unsuccessfully moved to dismiss for want of a sufficient amount in dispute to give this court jurisdiction. 118 U. S. 608.

*Mr. Julien T. Davies* and *Mr. Edward S. Rapallo* for plaintiff in error.

I. Regarding this as an action upon the case for a continuing interference with certain easements, appurtenant to the premises of the defendant in error, it was error for the court to admit evidence and permit a recovery of damage to the defendant in error, accruing after the commencement of the action.

The action must be regarded as brought upon one or the other of two distinct and conflicting theories; either as an action to recover damages consisting of a permanent depreciation in the value of the premises, due to the destruction, once for all time, of certain rights or attributes, of value to the premises in question, due to the erection in the street of a structure confessedly permanent ; or, on the other hand, as an action on the case to recover, for a continuing interference with such rights, damages thereby accruing from day to day, up to the commencement of the action, by the continued maintenance of a structure, which, because temporary, had not destroyed the rights.

In contemplation of law the trespass is a fresh offence each day of its continuance, and each trespass constitutes a fresh cause of action. The plaintiff can bring suit each day upon the preceding day's trespass; and in no one suit is it possible to make compensation for all possible trespasses in the future. From this it follows that the plaintiff is restricted in his recovery, in any one suit, to the amount of damage suffered by him up to the time of beginning that suit. This is the doctrine of the Federal Courts. *Wightman* v. *Providence*, 1 Cliff. 524; *Bradley* v. *Washington, Alexandria and Georgetown Steam Packet Co.*, 9 Pet. 107; *Baltimore & Potomac Railroad* v. *Fifth Baptist Church*, 108 U. S. 317, 322. It is also the doctrine of the courts of the State of New York. *Uline* v. *New York Central and Hudson River Railroad*, 101 N. Y. 98; *Blunt* v. *McCormick*, 3 Denio, 283; *Beckwith* v. *Griswold*, 29 Barb. 291; *Fettrech* v. *Leamy*, 9 Bosworth, 510, 524; *Whitmore* v. *Bischoff*, 5 Hun, 176; *Plate* v. *New York Central Railroad*, 37 N. Y. 472, 475, 476; *Beach* v. *Crain*, 2 N. Y. 86, 92; *S. C.* 49 Am. Dec. 369; *Mahon* v. *N. Y. Central Railroad*, 24 N. Y. 658; *Hussner* v. *Brooklyn City Railroad*, 114 N. Y. 433.

The doctrine of the Courts of England and of the other States of the Union is the same. See in addition to *Uline* v. *N. Y. Central*, &c., *supra*, *Battishill* v. *Reed*, 18 C. B. 696; *Robinson* v. *Bland*, 2 Burrow, 1077; *Delaware and Raritan Canal Co.* v. *Wright*, 1 Zabr. (21 N. J. Law) 469; *Powers* v. *Ware*, 4 Pick. 106.

II. The Court erred in failing to instruct the jury that the damages which they should assess must be the permanent injury, if any, to the plaintiff's premises by reason of the defendant's interference with the easements appurtenant to the same. *Story* v. *New York Elevated Railroad*, 90 N. Y. 122.

The law recognizes the existence of such a cause of action as is set forth in this complaint. There is recognized by law such a claim as a claim for permanent depreciation in the value of real estate, due to the destruction of a right appurtenant to the same, as will appear by the following English and American cases: *Nicklin* v. *Williams*, 10 Exch. 259; *Bonomi*

v. *Backhouse*, 1 El. Bl. & El. 622; *S. C.* 1 El. Bl. & El. 646; *S. C.* 9 H. L. Cas. 503; *Lamb* v. *Walker*, 3 Q. B. D. 389; *Mitchell* v. *Darley Main Colliery Co.*, 14 Q. B. D. 125; *Van Zant* v. *The Mayor*, 8 Bosworth, 375; *Langdon* v. *The Mayor*, 93 N. Y. 129; *Baltimore and Potomac Railroad* v. *Reany*, 42 Maryland, 117; *Troy* v. *Cheshire Railroad*, 23 N. H. 83; *S. C.* 55 Am. Dec. 177; *Fowle* v. *New Haven and Northampton Railroad*, 107 Mass. 352; *Chicago and Pacific Railroad* v. *Stein*, 75 Illinois, 41; *Whitehouse* v. *Fellowes*, 10 C. B. (N. S.) 766; *Uline* v. *New York Cen. Railroad*, 101 N. Y. 98.

The theory for which we contend is, that the structure, as matter of fact, is presumably permanent; that any damage therefore inflicted upon abutting premises by such permanent obstruction of easements, consists of a depreciation in the value of the premises; that this can be measured and recovered in an action at law; that such recovery is a full adjustment of the rights of the parties as to any particular parcel.

But whether or not this prove true, independently of any *assent* of the *parties* to the proposition that the road is permanent, it would appear that the recovery should be measured by the permanent depreciation in the value of the premises in any action where such *assent is given.*

In such case the recovery is had, once for all, and the judgment a bar to any further action. The New York Court of Appeals has expressly so decided in reference to this railroad in an action at law by an abutter in which the recovery was measured by the permanent depreciation in the value of the abutting premises, and also decided that such assent of the parties was evidenced by the form of action brought by plaintiff, and by the request of defendant corporation to instruct the jury that the recovery should be measured by the depreciation in value of the premises. *Lahr* v. *Metropolitan Elevated Railroad*, 104 N. Y. 268.

So far as the record goes, it may well be that although a temporary loss may have occurred at first, due to the interference with the use and occupation, yet that the railroad company might have shown, had it been permitted, that the value of the premises had been enhanced, not reduced.

It proved true in many instances that the elevated railways in New York caused a temporary loss of rents for a period of a few years, and yet produced in such cases either no permanent depreciation or far less than that anticipated by the owner.

Here in the case at bar we have the assent of both parties to this proposition of the permanency of the structure.  The complaint states the permanency, and contains allegations of permanent depreciation, which would be false if the structure were not permanent.  The railroad company assents by expressly requesting the court to charge that the recovery must be measured by the depreciation and not by the loss of rents or interference with the enjoyment.

III. The court erred in permitting the jury to include in the verdict any damages for loss of rent or interference with the enjoyment of that portion of the premises occupied by the bank itself for banking purposes.

*Mr. W. F. McRae* for defendant in error.

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

The law of the State of New York, as declared by the Court of Appeals, appears to be as follows: An elevated railroad erected in and over a street pursuant to the statutes of the State, and with due compensation to the owners of property taken for the purpose, is a lawful structure.  The owners of lands abutting on a street in the city of New York have an easement of way, and of light and air, over it; and, through a bill in equity for an injunction, may recover of the elevated railroad company full compensation for the permanent injury to this easement; but, in an action at law, cannot, without the defendant's acquiescence, recover permanent damages, measured by the diminution in value of their property, but can recover such temporary damages only as they have sustained to the time of commencing the action.  *In re New York Elevated Railroad,* 70 N. Y. 327; *In re Gilbert Elevated Rail-*

...y, 70 N. Y. 361; *Story* v. *New York Elevated Railroad,* 90 N. Y. 122 ; *Lahr* v. *Metropolitan Elevated Railway,* 104 N. Y. 268; *Pond* v. *Metropolitan Elevated Railway,* 112 N. Y. 186. This rule of damages at law has not prevailed in analogous cases decided in other jurisdictions, and collected in the briefs of counsel; and in the case last above cited the court observed that "it might be productive of less inconvenience on the whole, if an opposite rule could be adopted." 112 N. Y. 190.

But we are relieved from the necessity of laying down a general rule on the subject, because in this case it clearly appears that the defendant procured or acquiesced in the rulings under which the trial was conducted, and thereby waived the right to object to them. *Lahr* v. *Metropolitan Elevated Railway,* 104 N. Y. 268, 294; *Drucker* v. *Manhattan Railway,* 106 N. Y. 157; *Hussner* v. *Brooklyn Railroad,* 114 N. Y. 433; *Shaw* v. *Stone,* 1 Cush. 228, 243.

The complaint was framed in the double aspect of claiming damages for the injury accruing to the use and enjoyment of the plaintiff's property by the obstruction of light and air and the diminution of rents, as well as damages for the permanent injury to the market and rental value of the property.

The plaintiff began by introducing evidence, to the admission of which the defendant took no objection or exception, of the injury to the use and enjoyment of the property by obstructing the access of light and air, and by diminishing the rents, down to the time of trial.

When the plaintiff afterwards offered evidence of the value of the building, before and after the erection of the defendant's structure, the defendant objected to this evidence, and it was excluded by the court.

The defendant's counsel thereupon suggested that the plaintiff's damages should come down to the commencement of the action only ; and the plaintiff's counsel replied that they claimed damages for the permanent injury. The court declined to adopt either of these views, and refused to allow damages to be recovered for the permanent injury, but ruled that damages might be recovered to the time of trial. Neither

party having excepted to this ruling at the time, both parties must be presumed to have assented to it.

In accordance with that ruling, the trial proceeded upon the theory that damages were not to be awarded for permanent injury, but were to be assessed down to the time of trial; and in accordance with that theory further evidence was introduced by both parties, without any objection or exception by either party to the admission of the evidence or to the rulings under which it came in.

The defendant having, by his objection sustained by the court, prevented the plaintiff from introducing evidence of permanent injury to the building, and having permitted the trial to proceed in accordance with the ruling of the court admitting evidence of injury to the time of the trial, without excepting either to that ruling or to the evidence admitted in accordance with it, could not afterwards be permitted to change front, and to insist either that the damages must be assessed for the permanent injury, or that the damages must be limited to the time of the commencement of the action.

The court therefore rightly declined to permit the defendant to introduce evidence (competent only upon the issue of injury to the permanent value of the property, which by the defendant's procurement had been excluded from the consideration of the jury) that the value of the property had been creased by the erection of the defendant's structure; and r·htly refused the instruction, requested by the defendant ai ₂r the charge, that the recovery could be only for the permanent injury to the plaintiff's property. For the same reason, the defendant's exception to so much of the charge as allowed damages to be recovered to the time of the trial cannot be sustained.

There can be no doubt that the court rightly declined to order a verdict for the defendant, or a verdict for the plaintiff with nominal damages; and that the instruction which allowed the jury to award a fair compensation for the discomforts and inconveniences in the occupation of the plaintiff's building, caused by the existence of the defendant's structure in front of it, independently of the running of trains thereon, was suffi-

ciently favorable. to the defendant. *Baltimore & Potomac Railroad* v. *Fifth Baptist Church*, 108 U. S. 317; *Buccleuch* v. *Metropolitan Board of Works*, L. R. 5 H. L. 418.

As the damages recovered appear by the bill of exceptions, made part of the record, to have been assessed to the time of trial, the judgment in this case may be a bar to any subsequent action, at least for damages suffered before that time. *Hussner* v. *Brooklyn Railroad*, 114 N. Y. 433, 438; *Warner* v. *Bacon*, 8 Gray, 397, 402; *Goslin* v. *Corry*, 7 Man. & Gr. 342, 345; *S. C.* 8 Scott N. R. 21, 24. But that point is not now presented for adjudication. *Judgment affirmed.*

MR. JUSTICE BREWER, not having been a member of the court when this case was argued, took no part in the decision.