# THE DISTRICT OF COLUMBIA
## *v.*
## HUTCHINSON.

---

PRIOR JUDGMENT; CONTINUING NUISANCE; TRESPASS.

1. Where in an action against a municipality to recover permanent damages for injury caused plaintiff's real estate by the construction and maintenance of a sewer thereon, the trial court, at the instance of the defendant, erroneously limited the plaintiff's right of recovery to the temporary damages that had accrued to him in the use of the property, the defendant is not, in a subsequent suit, brought by the same plaintiff and based upon the theory that the sewer constituted a continuing nuisance to the property, bound by the ruling of the court in the first suit, although made at its instance.

2. When a public structure of a permanent nature is constructed by the public authority, and in the performance of the work private property is invaded and appropriated without the proper preliminary proceedings that would justify such appropriation, the owner of the property is entitled to his suit for the trespass, and the recovery of adequate damages; but the structure cannot be treated as a continuing nuisance, and one recovery will bar all subsequent suits, and must be considered as the equivalent of what would have been awarded in the first instance as damages under condemnation proceedings.

No. 92.   Submitted September 29, 1893.—Decided November 7, 1893.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia, holding a law term, overruling a motion for a new trial on a bill of exceptions.   *Reversed.*

THE COURT in its opinion stated the case as follows:

From the record in this case, it appears that in the year 1875 the District of Columbia caused to be constructed a sewer adjacent to and partly upon the plaintiff's lands, known as lots seven (7) and eight (8), in Uniontown, in the county of Washington in the District of Columbia; and for that purpose entered upon and took possession of part of the plaintiff's lands without his permission. It seems to

have been constructed in order to carry off the waters of a stream that flowed in the neighborhood, as well as for general sewerage purposes. The plaintiff claiming that his land had been injured by the construction of the sewer, brought suit for damages against the District of Columbia on the 15th day of March, 1886, alleging in his declaration that the defendant, on the 10th day of November, 1875, and on several intervening days between that date and the date of the filing of the declaration, entered on the plaintiff's land, dug it up, constructed and thereafter kept and continued there a sewer of brick and stone, thereby prevented the plaintiff from having the use and benefit and enjoyment of his land in as ample a manner as he might otherwise have had, destroyed the value of the lots for building purposes, and depreciated their market value; and he claimed damages to the amount of $1,000.

In a second count of the declaration damages to the amount of a thousand dollars ($1,000) were claimed for diverting the stream of water, to carry off which the sewer was constructed, so as to flow upon the plaintiff's land without his permission.

This suit went to trial, and there was judgment in it for the plaintiff for $480.50 damages, besides costs.

Thereafter, on the 17th day of March, 1890, the plaintiff instituted a second suit against the District of Columbia, which is the one now before us, identical in every respect with the previous one, except that the trespass was alleged to have been committed on the 15th of March, 1886, and on the days intervening between that day and the date of the institution of the suit; and there was no second count for damage for throwing the waters of the stream upon the plaintiff's land.

To the declaration in this suit the defendant interposed three pleas; the general issue, the Statute of Limitations, and the judgment in the previous suit.

The case went to trial. At the trial the court, upon the theory that the damages claimed were for a continuing

nuisance, instructed the jury that the judgment in the previous suit was no bar to the present suit; that the Statute of Limitations did not apply; and that, if they found the facts to be as claimed by the plaintiff, their verdict should be for him to the extent of the damage which they should believe him to have sustained during the three years assumed to have been covered by the declaration. The jury found a verdict for the plaintiff in the sum of $378. Exceptions were duly taken to the rulings of the court, and the case is now here on those exceptions.

*Mr. George C. Hazelton* and *Mr. S. T. Thomas* for the District of Columbia, plaintiff in error:

The court below should have directed a verdict for the District, as requested. The declaration in the first suit was broad enough to cover all the damages the plaintiff could suffer by the alleged trespass, both present and prospective. In the eye of the law the plaintiff's entire claim was satisfied by the verdict and judgment in the first case. He cannot recover damages and retain the right to bring subsequent actions for a continuance of the sewer. The sewer was a structure of a permanent character, and its construction and continuance constituted but one wrong, and future and past damages on account of it are attributable to but one cause. To allow the plaintiff successive actions to recover damages for the construction of the sewer on his land would amount to giving several causes of action for a single tort. *N. Y. E. R. Co.* v. *Fifth Nat. Bank*, 135 U. S., 432; *O'Brien* v. *Railroad Co.*, 119 Pa. St., 184; *Fowle* v. *Railroad Co.*, 112 Mass., 334; *Railroad Co.* v. *Loeb*, 118 Ill., 203; *Powers* v. *Council Bluffs*, 45 Iowa, 652; *Chicago &c., R. R. Co.* v. *Maher*, 91 Ill., 312; *North Vernon* v. *Voegler*, 103 Ind., 314.

*Mr. Franklin H. Mackey* and *Mr. Mills Dean* for the defendant in error:

1. The placing and keeping of this sewer on the plaintiff's land is a continuing trespass for which the defendant may be

held responsible as long as the trespass continues.    *Wells v.*
*New Haven Co.*, 151 Mass., 46.    The case falls within the
ordinary rule applicable to continuing nuisances and con-
tinuing trespasses.    *New Salem v. Mill Co.*, 138 Mass., 8;
*Prentiss v. Wood*, 132 Mass., 486; *Uline v. Railroad Co.*, 101
N. Y., 98, 109, *et seq.*, 4 N. E. Rep., 536; *Reed v. State*,
108 N. Y., 407, 414; 15 N. E. Rep., 735; *Canal Co. v.*
*Wright*, 21 N. J. Law, 469; *Bare v. Hoffman*, 79 Pa. St., 71;
*Holmes v. Wilson*, 10 Adol. & E., 50; *Battishill v. Reed*, 18
C. B., 696; *Whitehouse v. Fellowes*, 10 C. B. (N. S.), 765;
*Devery v. Canal Co.*, 9 Ir. Com. Law, 194.

2. The record of the first case was offered in evidence and
shows exactly what was recovered in that action.    The
plaintiff was there limited to the damages inflicted *up to the
time of suit brought*, the defendant itself insisting through
its counsel that the damages should be thus limited;
so that the ruling of the court at the former trial was at the
express instance of this defendant, and against the objec-
tions of the plaintiff, who sought ineffectually to recover in
that action the entire damages, past and prospective.

Mr. Justice MORRIS delivered the opinion of the court:

It is conceded that the sewer complained of was con-
structed in the year 1875, and not in 1886; and that the date
of March 15, 1886, alleged in the declaration, is based upon
the theory that the sewer constituted a continuing nuisance
for the maintenance of which, as well as for the original con-
struction of it, the defendant could be held liable.    And
there is no claim that at any time during the period covered
by this declaration there was any action or active interposi-
tion of any kind on the part of the District of Columbia.

We are very clearly of opinion that the declaration in the
first suit which has been mentioned was broad enough to
authorize the recovery under it of permanent damages as for
a permanent injury; and plainly the declaration was drawn
with a view to such recovery.    The nuisance complained of
was of a permanent structure, and the damage alleged was

damage to the market value of the lots.    There could not well have been a broader allegation on which to base a recovery for permanent damages.

We are advised, however, in argument, that in the trial of that suit, the court, at the instance of the defendant, limited the plaintiff's right of recovery to the temporary damages that had accrued to him in the use of the property, and ruled that he could not in that suit recover permanent damages. And it is now argued that, because such ruling was made at the instance of the defendant, the defendant is bound by it in this suit; and that both that suit and this must be regarded, as the trial judge undoubtedly regarded them, as suits for temporary damages for a continuing nuisance.

The record of the first suit comes to us in rather an imperfect condition; and from the papers before us we cannot definitely ascertain what the rulings were of the trial court in that case.    But it seems to be admitted on both sides that the rulings were as stated.    Assuming this to be the fact, we cannot see that it changes the aspect of the present case at all.    If the judge made a mistake in his rulings in that case, that error cannot be considered here.    If the plaintiff was prevented by it from recovering all that he should have recovered—although he seems to have recovered all that he had really expected, inasmuch as he recovered the usual percentage, one-half of the nominal amount stated in the declaration—he might have had the mistake corrected upon writ of error.    He cannot allege it as error in this suit; nor can he hold the defendant as estopped by it, even if the error was the result of the defendant's action in requesting a prayer to that effect.

The case of the *New York Elevated Railroad Company* v. *Fifth National Bank*, 135 U. S., 432, relied upon in this connection by counsel for the defendant in error, is not applicable.    There it was held, and most properly held, that rulings procured by a party cannot thereafter in the same case be alleged by the same party as error, and that he is bound by them in that suit.    But it does not follow that he is bound by

them in any and all other suits in which he may be involved. If a party defeats a suit against him on one ground, it would be something unheard of to hold that he may not defeat another suit against him, even by the same plaintiff upon precisely opposite grounds. The rule of estoppel has never yet been understood to extend that far.

This, however, does not prevent consideration of the scope and effect of the judgment itself as an estoppel.

It is undoubtedly the general rule upon this subject that the judgment of a court of competent jurisdiction upon the same subject matter, between the same parties, and for the same purpose, constitutes a bar to any subsequent proceeding. This was so held by the Supreme Court of the United States in the leading case of *Aspden* v. *Nixon*, 4 How., 467; and the rule has been repeatedly reaffirmed in subsequent decisions. It is also true that when a claim is properly involved in the pleadings and issue in a cause and might have been decided therein, the judgment in the cause will be a bar to another action. *Stockton* v. *Ford*, 18 How., 418; *McCall* v. *Carpenter*, 18 How., 297; *Packet Company* v. *Sickles*, 5 Wall., 580. And neither the neglect of a party to avail himself of the claim, nor the erroneous ruling of the court as to the extent of it, can afford good ground for another suit. *Stockton* v. *Ford*, 18 How., 418. The neglect of the party is his own fault, and an erroneous ruling might have been corrected on writ of error or appeal. Upon neither ground can the finality of judgments be properly impeached.

Now, we are very clearly of opinion that the declaration in the first cause was broad enough to authorize a judgment for permanent damages. What it specifically claims is damage to the market value of the property and depreciation in value; and this beyond question is to be construed as permanent injury, for which there can be but one recovery. It is true that there is also an allegation to the effect that by the alleged nuisance the plaintiff was prevented "from having the use and benefit and enjoyment of the property in so large

and ample a manner as he might and otherwise would have done." But even if the construction of this statement should be so far strained as that it should be regarded merely as a claim for temporary damages as for a continuing nuisance, the statement is so interwoven with the allegation of permanent depreciation, and the claim of permanent injury, that the jury could not have segregated the two in their verdict, and we are not justified in segregating them in our inspection of the record of the cause.

The work complained of in its nature was a permanent structure. It was a public work, constructed by the public authority, and therefore presumably for the public benefit; and it is not claimed that it was not in itself a proper construction, demanded by the public necessity, and properly built to accomplish its purpose. The claim is simply that the plaintiff's land was injured by it; and this is virtually the equivalent of an allegation that the plaintiff's land was taken for public use without just compensation for it, and without the previous legal formalities necessary and proper in such cases. It is not the case of an ordinary obstruction or of a nuisance, pure and simple, which should sooner or later be abated in any event, and for the abatement of which successive suits as for a continuing nuisance would be just and proper. It is not even a case where the use itself, apart from the original structure, would be a nuisance, as would be the continued operation of a railroad, the construction of which was unlawful in the first instance. After the first construction of the sewer there was nothing whatever done by the District of Columbia to incommode or injure the plaintiff. The gravamen of the plaintiff's complaint is that the defendant " kept and continued the sewer "; that is, that it did not remove it. Now, even in the case of an ordinary nuisance that may be readily abated, such, for instance, as throwing earth on the land of another, there is no liability on the part of the trespasser to remove the nuisance when the person injured has had opportunity to recover full damages for it in the first instance.

If the District of Columbia had proceeded in this case to acquire so much as was needed of the plaintiff's land for the construction of this sewer by the exercise of the right of eminent domain, as it might undoubtedly have been entitled to do, there could be no question of its right to construct and maintain the sewer without further liability to the plaintiff. Inasmuch. as it did not do so, the plaintiff had just ground for complaint. But his true grievance was the taking of the land without just compensation for a necessary public work, and not that the District of Columbia constructed or maintained what to him might have been a nuisance. For this taking the first suit afforded him ample opportunity to recover sufficient compensation. When a public structure of a permanent nature is constructed by the public authority, and in the performance of the work private property is invaded and appropriated without the proper preliminary proceedings that would justify such appropriation, the owner of the property is entitled to his suit for the trespass, and the recovery of adequate damages; but the structure cannot be treated as a continuing nuisance, and one recovery will bar all subsequent suits and must be considered as the equivalent of what would have been awarded in the first instance as damages under condemnation proceedings. *Fowle* v. *Railroad Co.*, 112 Mass., 334; *Pumpelly* v. *Green Bay Company*, 13 Wallace, 166.

The case of *N. Y. Elevated Railroad Co.* v. *Fifth National Bank*, 135 U. S., 432, is not antagonistic to this view. It is sufficient in regard to it, so far as it bears on this point, to say that the Supreme Court of the United States, while following the decisions of the courts of the State of New York to the effect that in that State plaintiffs may not in suits at law recover permanent damages on account of permanent structures that operate as nuisances, but only temporary damages as for continuing nuisances, distinctly repudiates this doctrine as being of general application, and holds that it is in opposition to the almost unanimous current of authority in other jurisdictions.

We are of opinion in the present case that it was error for the trial judge to instruct the jury as he did, that the previous judgment was no bar to the present suit, and that the plaintiff was entitled to recover as for a continuing nuisance.

*The judgment, therefore, must be reversed, with costs, the verdict set aside, and the cause remanded for a new trial.*