OMAHA BREWING ASSOCIATION V. JOHN WUETH-
RICH ET AL.

FILED APRIL 10, 1896.   No. 6388.

1. **Review: ISSUES NOT RAISED BELOW.** Cases will, as a rule, be reviewed in this court upon the theory upon which they are prosecuted or defended in the court of original jurisdiction.

2. ———: ———: CONVERSION: RECOUPMENT: WAIVER. One who in an action for the conversion of personal property defends upon the sole ground of his alleged superior title, and by his conduct disclaims any special interest in such property or lien thereon, will not, on petition in error in this court, be heard to complain on the ground that he should have been permitted to recoup the amount of a lien existing in his favor upon the property in controversy against the damages awarded for its conversion.

ERROR from the district court of Douglas county. Tried below before OGDEN, J.

*Lake, Hamilton & Maxwell,* for plaintiff in error.

*F. W. Fitch, contra.*

POST, C. J.

This was an action by the plaintiffs below, John Weuthrich and Margaret Wuethrich, against the defendant therein, the Omaha Brewing Association, for the conversion of certain property, consisting chiefly of saloon fixtures and furniture used by the plaintiffs in their business as saloon-keepers. The defenses relied upon were two in number: First, that said property was delivered to the plaintiffs by Storz & Iler, to whose rights the defendant has succeeded, under and by virtue of a written agreement by the terms of which the

title thereof remained in the said Storz & Iler until paid for in full, said agreement being in the following words:

"Articles of agreement, made and entered into, this 2d day of August, 1890, by and between Storz & Iler, parties of the first part, and Mrs. John Wuethrich, party of the second part, all of said parties being in the city of Omaha, county of Douglas, state of Nebraska, witnesseth:

"Said parties of the first part agree to sell, and said party of the second part agrees to purchase the following described property, situated in the county of Douglas and state of Nebraska, to-wit: All the fixtures and furniture belonging to the saloon and billiard hall, and also all the furniture belonging to the rooms in the second and third story of the three-story brick building situated on the southwest corner of Fifteenth street and Capitol avenue, in the city of Omaha, as described in an inventory hereto attached. The said Mrs. John Wuethrich agrees to pay to said Storz & Iler for said described personal property the sum of forty-five hundred ($4,500) dollars, in payments as follows: One thousand ($1,000) dollars on delivery of this contract; two thousand ($2,000) dollars on the 15th day of November, 1890, according to one certain promissory note of even date herewith; fifteen hundred ($1,500) dollars on the 15th day of May, 1891, according to one certain promissory note of even date herewith, both notes payable at First National Bank, Omaha, Nebraska, with interest at the rate of eight (8) per cent per annum from date.

"So soon as said purchase money and interest shall be fully paid, then, and in that case, Storz & Iler agree to make to said Mrs. John Wuethrich,

her heirs or assigns, a good and sufficient bill of sale of said personal property. In case the said Mrs. John Wuethrich shall fail, refuse, or neglect to pay said sums [notes], or any part thereof or interest thereon, she shall forfeit any rights she may have in this contract for the purchase of said property, and shall also forfeit any moneys she may have paid as herein stipulated to said Storz & Iler. * * * The said parties of the first part agree that whenever said Mrs. John Wuethrich has fully complied with this contract, they will transfer to her all their rights, interest, and title to the lease they now hold on said premises.

"Witness our hands and seal this 2d day of August, 1890.            STORZ & ILER.

"MARGARET WUETHRICH.
"JOHN WUETHRICH."

It appears that the plaintiffs paid on said contract the sum of $1,000 on the day of its execution, as therein stipulated, and also the sum of $2,000 and interest maturing November 15, 1890. It is, however, alleged that they failed to pay the sum of $1,500, with interest, which matured May 15, 1891, whereby they forfeited to the defendant the amounts previously paid by them, and from which it is argued that in seizing and disposing of the property above described the defendant merely asserted its right under said contract.

The second defense is an alleged agreement whereby the plaintiffs, on the 29th day of May, 1891, finding themselves unable to make payment of the sum of $4,533.58, then due and owing by them to the defendant, turned over and delivered to the latter all of the property in controversy in satisfaction of their said indebtedness.

Upon a trial of the issues in the district court,

there was a verdict and judgment for the plaintiffs therein in the sum of $1,678.19, and which has by appropriate proceeding been removed into this court for review.

Although the petition in error contains numerous assignments, counsel rely for a reversal of the judgment upon a single proposition, viz., that the defendant below was entitled to recoup, against the damage assessed in plaintiffs' favor, the unpaid portion of the purchase price of the property in controversy, and that the district court accordingly erred in approving of a verdict for the value of the property converted, with interest. There are, it must be confessed, authorities which appear to sustain the proposition that one holding a lien upon personal property is, in an action by the lienor for conversion thereof, entitled, even under a general denial, to have so much of such indebtedness as remains unpaid deducted from the amount which the latter would otherwise be entitled to recover, as bearing directly upon the question of damage. Such a case is *Cushing v. Seymour*, 30 Minn., 301. But we do not understand that case, or the authorities there cited, to hold that it is the duty of the court to direct the allowance of a credit in such case, upon its own motion, without any suggestion from the party entitled thereto, or, as in the case at bar, contrary to the theory upon which the defense was conducted. A rule frequently recognized by this court is that cases must be reviewed here upon the theory on which they are prosecuted or defended in the court of original jurisdiction. (See *Smith v. Spaulding*, 40 Neb., 339; *Norton v. Nebraska Loan & Trust Co.*, 40 Neb., 394; *Woodard v. Baird*, 43 Neb., 310.) The defendant, judging from the evidence

in the record, not only failed to assert a lien upon the property in controversy, but appears to have disclaimed any such contention. We observe, for instance, the following offer shown by the bill of exceptions: "The defendant offers to the plaintiff and now makes a tender of a note of $1,500, marked Exhibit 3 [admitted to be the note above mentioned], which was paid and satisfied by settlement between the parties as set up in the defendant's answer." The cause appears to have been submitted to the jury upon the precise theory indicated by the answer, and the verdict responds to every contention made by the defendant during the trial. Having elected to waive any lien it may have had upon the property by virtue of the original agreement, it will be required to pursue its remedy by an action on the note and will not be heard to complain on the ground that such lien was not recognized and enforced in this cause.

JUDGMENT AFFIRMED.