REBECCA MERRYMAN v. CHICAGO GREAT WESTERN RAILWAY
COMPANY, Appellant.

**Railroads:** SAFE PLACE TO ALIGHT FROM CARS: NEGLIGENCE. It is the duty of a railway company to furnish a reasonably safe station platform and light for any passenger who may wish to leave

the train, even though he has not reached his ticketed destination; and where the platform is so far below the level of the lower step of the car as to make it unsafe to alight without an intermediate step or stool one should be furnished; but this duty does not include personal assistance by the employés.

*Appeal from Taylor District Court.*— HON. H. M. TOWNER, Judge.

MONDAY, OCTOBER 21, 1907.

SUIT to recover damages for a personal injury. Judgment for the plaintiff, from which the defendant appeals.— *Affirmed.*

*Carr, Hewitt, Parker & Wright* and *W. E. Miller,* for appellant.

*William M. Jackson* and *D. W. Higbee,* for appellee.

SHERWIN, J.— The plaintiff with her husband and their neighbors held tickets for passage on the defendant's road from Des Moines to Diagonal, Iowa. They arranged by wire to have livery conveyances meet them at Diagonal to carry them to Clearfield, Iowa, where they resided. Knowlton is a small passenger station on defendant's road between Des Moines and Diagonal, and distant about one mile from the latter place. There were no passengers scheduled to get off at Knowlton the night in question, and no passengers got on the train there that night. The train stopped at Knowlton according to custom, and soon thereafter some member of plaintiff's party noticed through the car window that the liverymen whom they expected would meet them at Diagonal had instead, come to Knowlton, and were waiting there. Plaintiff, her husband, and neighbors immediately proceeded to leave the train at Knowlton without notifying any of the trainmen of their purpose so to do. There was a cinder platform at this station, and in stepping from the lowest car

step to the platform the plaintiff received the injury for which she seeks recovery.

She alleges in her petition that the place where passengers were invited to get on and off of the car in which she had been riding was not sufficiently lighted; that the place where persons were required to enter and leave the said car was too low for the reasonable safety of its passengers; and that the defendant and its employés were negligent in not providing a step or stool for the use of passengers desiring to leave said train.   It is further alleged that the employés of the defendant were negligent in not assisting the plaintiff from the train, and were further negligent in not lighting the exit from the said car, and the steps thereof with their lanterns. The appellant insists that its motion for a directed verdict should have been sustained because the evidence does not show that it was in any manner negligent; that it was operating its train in the usual and ordinary manner, exercising every proper precaution for the safety of the plaintiff as a passenger thereon.   The court directed the jury that the defendant was not required, and was under no obligation, to personally assist the plaintiff to alight from the train at Knowlton, unless notified or requested so to do by the plaintiff; and, as it was conceded that no such notification or request was made, the question of the defendant's negligence in not so assisting the plaintiff was eliminated from the case and need receive no further consideration.

That the plaintiff was a passenger and had the right to get off of the train at Knowlton is not questioned by the appellant, and it is further conceded that she was at the time entitled to all of the care exacted by the law for the safety and convenience of passengers.   The law requires railroad companies to exercise reasonable and ordinary care to light their platforms so that passengers may enter and leave trains with reasonable safety.   Hutchinson on Carriers, section 936; *Hiatt v. D. M. N. & W. Ry. Co.,* 96 Iowa, 169; Moore on Carriers, 612, 613; 3 Thompson on Negli-

gence, section 2691. The question whether the station and platform were sufficiently lighted is ordinarily one of fact for the jury. *Hiatt v. Railway Co., supra.* It is also the duty of railway carriers to provide reasonably safe platforms for the use of passengers in boarding and leaving their trains. *McDonald v. Chicago N. W. R. Co.,* 26 Iowa, 124; 3 Thompson on Negligence, section 2688. And when the station platform is so much below the level of the lower steps of the car as to make it unsafe for passengers to alight without an intermediate stool or step, it is the duty of the carrier to provide such step. *Toledo, etc., R. Co. v. Wingate,* 143 Ind. 125 (37 N. E. 274, 42 N. E. 477); *Fullerton v. Fordyce,* 121 Mo. 1 (25 S. W. 587, 42 Am. St. Rep. 516); *Alexandria, etc., R. Co. v. Herndon,* 87 Va. 193 (12 S. E. 289); *Missouri, Kansas & Texas R. Co. v. Buchanan,* 31 Texas Civ. App. 209 (72 S. W. 96).

The duty to furnish a safe platform, and a step or stool whenever the same is necessary to make it safe, does not necessarily include the duty to assist alighting passengers. The step is simply a helpful instrument which requires no personal attendance, while the duty to assist includes the personal element. This distinction was made clear by the instruction given, and the court properly refused those asked by the defendant which stated a different rule. It being the law that passengers may rightfully get off of trains at intermediate stations, it must follow that such stations must be reasonably safe, both as to platform and light, for any passenger who may see fit to leave the train; and the mere fact that the defendant supposed that the plaintiff would not permanently leave the train until her ticketed destination was reached can make no difference in its duty in this respect. In our judgment the petition sufficiently charged negligence in not furnishing safe means for leaving the car in question, and the issue was properly submitted to the jury. There was also sufficient evidence on both issues to take the case to the jury, and on the issue of contributory

negligence, and the court rightly refused to direct, a verdict for the defendant.

The appellant's various contentions for error center around the propositions already discussed, and we need not more specifically notice the others relating to the main question. There was no error in rejecting testimony to the effect that some of the plaintiff's party alighted from the car without accident. A thousand passengers might safely get off of a train where there was no platform, or when the platform and station were insufficiently lighted, and such fact would not lessen the duty of the defendant in respect thereto. The legal duty imposed is to provide a reasonably safe exit for all passengers, and not for particular classes of persons.

The judgment is *affirmed*.