BALL ENGINE COMPANY, APPELLANT, V. BENNETT COMPANY, APPELLEE.

FILED MAY 1, 1915. No. 18089.

1. **Limitation of Actions:** FOREIGN CORPORATIONS. The statute of limitations of this state does not run in favor of a foreign corporation while service of summons cannot be had upon it in this state.

2. ————: FOREIGN STATUTES: PLEADING AND PROOF. If a party seeks to avail himself of the statute of limitations of a foreign state, he must both plead and prove the statute.

APPEAL from the district court for Douglas county: ABRAHAM L. SUTTON, JUDGE. *Affirmed.*

*Greene, Breckenridge, Gurley & Woodrough,* for appellant.

*DeBord, Fradenburg & Van Orsdel, contra.*

MORRISSEY, C. J.

Plaintiff, the Ball Engine Company, a Pennsylvania corporation, in December, 1905, furnished repairs for an engine to the defendant, the Bennett Company, a Delaware corporation, doing business in Omaha, Nebraska. On December 3, 1908, the engine was broken, and defendant again purchased repairs from the plaintiff, amounting to $606.50. The bill fell due on February 15, 1909, and, on defendant's failure to pay, plaintiff brought suit January 29, 1910. Defendant admitted receipt of the goods, but alleged that they were furnished to take the place of defective parts, and parts broken because of defective parts, of an engine manufactured and sold by plaintiff under its implied warranty, and that no amount was due thereon; and by way of counterclaim alleged that in December, 1905, an accident occurred to this engine whereby the crosshead was broken, and the defendant purchased a new crosshead from plaintiff, and that by implication the plaintiff warranted the same as being reasonably safe for the use for which it was to be put and free from defects, that

there was a latent defect in the crosshead, and that the defect was so covered up and hidden that it was not detected by defendant, and that as a result of this latent defect, on December 3, 1908, the engine was broken, and defendant suffered damage in the sum of $1,895.92; and there was a prayer for judgment. Among other allegations, plaintiff's reply contained the following: "For further reply, plaintiff avers that the alleged cause of action contained in defendant's answer as a counterclaim and set-off did not accrue within four years next before the commencement of this action, and therefore is barred by the statute of limitations of this state." The court instructed the jury to find for plaintiff for the full amount of its claim, but left the jury to determine what, if any, amount was due upon the set-off. After crediting plaintiff with the full amount sued for, the jury gave a verdict for $1,000 in favor of defendant. Plaintiff moved for judgment notwithstanding the verdict, and this motion was overruled.

The principal point contended for by the plaintiff is that the statute of limitations had run against defendant's counterclaim. The defective parts were purchased in December, 1905. Defendant's answer and cross petition was first filed in the county court June 7, 1910. It appears on the face of the pleadings that plaintiff was a Pennsylvania corporation, and the defendant a Delaware corporation doing business in Nebraska. The breach of warranty accrued more than four years before the counterclaim was asserted. By reply plaintiff pleaded the statute of limitations of Nebraska. The record shows the plaintiff was at all times a nonresident of this state and service of summons could not have been had upon it here. Defendant could not have brought suit against it on the cause of action pleaded, unless we are to hold that it was bound to go to Pennsylvania to institute a suit.

Section 20 of the Code (Rev. St. 1913, sec. 7577) provides: "If, when a cause of action accrues against a person, he be out of the state, * * * the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought." In

construing this section in *Hartley v. Crawford*, 12 Neb. 471, the court said: " 'If, when a cause of action accrues against a person, he be out of the state,  *   *   *   the period limited for the commencement of the action shall not begin to run until he come into the state,' etc., applies to all personal causes of action, whether they accrue within or without this state, or in favor of a resident or a nonresident thereof."

In *Edgerton v. Wachter*, 9 Neb. 500, it is held that the statute commenced to run at the time of defendant's removal with his family into this state. This is followed and approved in *Minneapolis Harvester Works v. Smith*, 36 Neb. 616.

This question was before the supreme court of the United States in a Nebraska case (*Express Company v. Ware*, 20 Wall. (U. S.) 543), and an instruction, which told the jury that to bar the action the plaintiff must have been able for the full statutory period before suit was brought to have sued the defendant in this state, was approved.

The statute of Kansas is substantially like ours, and there it is held: "A foreign corporation is 'out of the state' within the meaning of section 21 of the Code (Gen. St. 1901, sec. 4449), and for that reason cannot avail itself of the statute of limitations of this state." *Williams v. Metropolitan Street R. Co.*, 68 Kan. 17, 1 Am. & Eng. Ann. Cas. 6.

It is not necessary to determine, and we do not determine, whether the statute of limitations of Pennsylvania was available as a defense to the counterclaim. Plaintiff did not plead nor prove that the statute of Pennsylvania had run against defendant's cause of action, and since it clearly appears that when the cause of action accrued plaintiff was not within the state of Nebraska, and that defendant asserted its claim before the statutory period had run after plaintiff came within our jurisdiction, the statute of limitations had not run against defendant. "Statutes of other states are regarded as matters of fact, and when relied on to support a cause of action or defense must be pleaded and proved." 36 Cyc. 1240. The statute of limi-

tations is an affirmative defense, and unless raised it is waived. If plaintiff intended to avail himself of the statute of a foreign state, it was essential that he both plead and prove that statute. He saw fit to plead only the statute of Nebraska; and, as it appears that by reason of plaintiff's absence from the state the statute had not run, it follows that the judgment of the district court is right, and must be

AFFIRMED.

BARNES. FAWCETT and HAMER, JJ., not sitting.