A. F. B. PORTMAN, Appellant, v. CITY OF DECORAH, Appellee.

Personal Injury: CONTRIBUTORY NEGLIGENCE: PROXIMATE CAUSE. A party can not recover for a personal injury sustained through the negligence of another, if his own negligence has contributed to the injury, although the injury might have been avoided, if the party causing the same had exercised ordinary care.

*Appeal from Winnesheik District Court.*—HON. W. A. HOYT, Judge.

SATURDAY, OCTOBER 14, 1893.

ACTION to recover for personal injuries alleged to have been sustained in consequence of the negligence of the defendant in not maintaining suitable rails or guards at a certain dangerous place in one of its streets, sufficient to prevent foot passengers from falling into said dangerous place. It is sufficient to say of the answer, that the defendant denied each allegation of negligence on its part, and denied that the plaintiff was injured without fault or negligence on his part. The cause was tried to the court, and certain findings of facts and conclusions of law made and filed. The court found, among other facts, that the plaintiff "was guilty of negligence, which contributed to his said accident and injury," and, as a conclusion of law, "that plaintiff is not entitled to recover in this action; and that defendant is entitled to judgment for costs against plaintiff." Judgment was rendered against the plaintiff, from which he appeals.—*Affirmed.*

*G. W. Adams, L. Bullis,* and *R. F. B. Portman,* for appellant.

*G. R. Willett* and *E. P. Johnson,* for appellee.

GIVEN, J.—The controlling question presented on this appeal is whether the court erred in finding as stated above.   While the court did not find specifically that the defendant was guilty of negligence as charged, we are warranted in assuming from the record, for the purposes of the question before us, that the defendant was negligent as charged.   The appellant contends that, to defeat recovery, his negligence must have been the proximate cause of his injury; that, if the fact of his negligence could have been avoided by ordinary care on the part of the defendant, it was not the proximate cause of the injury.   Appellant cites Whittaker's Smith on Negligence, 373, and Shearman & Redfield on Negligence, section 61.   That the contributory negligence to defeat recovery must be a proximate cause of the injury, as distinguished from remote cause, is not questioned, but it is certainly clear that there may be more than one proximate cause.   That which is relied upon in the authorities mentioned is said in connection with the discussion of the doctrine of comparative negligence and the burden of proof.   It is well settled in this state that the doctrine of comparative negligence does not obtain, and that the burden is upon the plaintiff to show himself free from negligence directly contributing to cause the injury complained of.   In *McKelvy v. B., C. R. & N. R'y Co.*, this court, in speaking of contributory negligence, says:   "Such negligence, strictly speaking, is negligence that operates with other negligence in producing a result."   It has been uniformly held by this court that where a party, by his own negligence or carelessness, has contributed to produce the injury complained of, he can not recover. *Wright v. Ill. & Miss. Telegraph Co.*, 20 Iowa, 195; *Haley v. Chi. & N. W. Railway Co.*, 21 Iowa, 15; *Sherman v. Western Stage Co.*, 24 Iowa, 515.   For other cases, see Digest.   In *Hamilton v. Des M. Valley*

*Railway Co.*, 36 Iowa, 31, it is held that where there was mutual negligence, and the negligence of each party was a proximate cause of the injury, no action could be maintained by the party injured. The rule that negligence on the part of the injured party which directly contributes to his injury will defeat recovery, even though the other party is also negligent, has been so frequently announced by this court as not to require further citations. We have examined the evidence with care to determine whether the finding of the court that the plaintiff was negligent is supported thereby. It would consume space unnecessarily to here set out and discuss the evidence. It is sufficient to say that our examination of it leads us to the conclusion that the finding of the court on this question of fact has ample support. We think the judgment of the district court should be AFFIRMED.