RUTH OLSON, APPELLEE, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLANT.

FILED MAY 26, 1936. No. 29630.

*Kennedy, Holland & De Lacy,* for appellant.

*Gray & Brumbaugh* and *Roy W. Smith, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE and CARTER, JJ., and YEAGER, District Judge.

GOSS, C. J.

Plaintiff, while riding a horse in Council Bluffs, Iowa, was injured in a collision with a street car of defendant. She sued in Douglas county, Nebraska, and had a verdict for $25,000. The district court ordered a remittitur of all in excess of $18,000, which was complied with. Judgment was entered for that sum. Defendant appealed. Plaintiff asks a restoration of the amount remitted. Comp. St. 1929, sec. 20-1929.

Plaintiff alleges that about 9:30 on the evening of July 16, 1932, while returning from a ride on a saddle horse, and in Council Bluffs, Iowa, a street car coming in the opposite direction and operated carelessly and negligently collided with her horse, as a result of which she was grievously injured.

Defendant's answer admits the collision, but denies that

its motorman was guilty of any negligence causing or tending to cause the accident. Then follows this paragraph:

"Defendant, further answering, alleges and says that this accident happened in the state of Iowa, under the laws of the state of Iowa, and plaintiff is required to prove that she was free from any negligence causing or contributing to cause said accident, and that she was free from contributory negligence, and under the laws of Iowa any contributory negligence upon the part of the plaintiff bars a recovery, and in this connection your defendant alleges and says that its street car was in full view, with the proper lights on, and that the accident in question was the direct and proximate result of plaintiff's own negligence which caused and contributed to cause said accident; that, at the time of the said accident, she was riding said horse at a careless and negligent rate of speed; that she did not have it under control; that she had plenty of space to pass said car, but carelessly and negligently allowed said horse to come over and collide with your defendant's car, and because thereof plaintiff is precluded from maintaining her action against this defendant."

Under this plea cases from the Iowa supreme court were admitted in evidence as follows: *Zellmer v. Hines,* 196 Ia. 428, 192 N. W. 281; *Middleton v. City of Cedar Falls,* 173 Ia. 619, 153 N. W. 1040; *Bird v. Hart-Parr Co.,* 165 Ia. 542, 146 N. W. 74; *Coleman v. Iowa R. & L. Co.,* 192 Ia. 1331, 186 N. W. 642; *In re Estate of Hill,* 202 Ia. 1038, 208 N. W. 334; *Sanderson v. Chicago, M. & St. P. R. Co.,* 167 Ia. 90, 149 N. W. 188; *Merchants Transfer & Storage Co. v. Chicago, R. I. & P. R. Co.,* 170 Ia. 378, 150 N. W. 720; *Dusold v. Chicago G. W. R. Co.,* 162 Ia. 441, 142 N. W. 213; *Dreier v. McDermott,* 157 Ia. 726, 141 N. W. 315; *Portman v. City of Decorah,* 89 Ia. 336, 56 N. W. 512; *Carlin v. Chicago, R. I. & P. R. Co.,* 37 Ia. 316. These cases show that, in such a case as involved here, plaintiff must be free from contributory negligence in order to recover. That is a substantive part of a plaintiff's cause of action whether he sue in Iowa or Nebraska.

In a recent case, decided December 17, 1935, and not cited in the foregoing list provided by defendant, the Iowa court said: "In action for injuries sustained in automobile collision, plaintiff must plead and prove freedom from contributory negligence, which burden never shifts to defendant." *Schelldorf v. Cherry,* 264 N. W. 54 (220 Ia. 1101).

The instructions, in four different paragraphs, gave force and effect to the Iowa law by stating, in various forms, that the verdict should be for defendant if the jury found from the evidence that plaintiff herself was guilty of negligence contributing in some degree to the happening of the collision. Two other instructions told the jury, if they found plaintiff was riding her horse on a run up to about the time of the accident and it then swerved so as to come in contact with the street car, the verdict must be for defendant. These instructions all recognized the Iowa law as controlling the substantive rights of the parties as declared by the law of that state where the injury occurred.

But, when the trial court came to the burden of proof, it instructed the jury as follows:

"The burden of proving negligence or contributory negligence rests upon the party charging it.

"The defendant having alleged in his (its) answer to the plaintiff's petition that the contributory negligence on the part of the plaintiff was the proximate cause of the accident complained of, the burden is upon the defendant to establish by a preponderance of the evidence such contributory negligence on the part of the plaintiff, and that such negligence was the proximate cause of the accident or a contributing cause thereof."

Defendant assigns as error this instruction on the burden of proof. It tendered instructions placing the burden on plaintiff to prove herself free from negligence causing or contributing to cause the injury sued for, but these instructions were refused.

It is true that generally the burden of proof is upon the party alleging a material fact, but here there was no

way for defendant to get the Iowa law before the court except by pleading it and its effect as applied to the facts. That was done. To penalize defendant by placing the burden of proof on it to prove the contributory negligence of plaintiff in the forum when the *lex delicti* clearly placed the burden upon plaintiff is unwarranted.

We shall not undertake to review the great mass of cases discussed by the parties, but shall content ourselves by references to Restatement, Conflict of Laws, by the American Law Institute, issued in 1934. Section 385 of that work says: "Whether contributory negligence of the plaintiff precludes recovery in whole or in part in an action for negligent injury, is determined by the law of the place of wrong."

Under section 595, Restatement, Conflict of Laws, the burden of proof is discussed. We copy the comment and the illustration therein contained:

"Comment: a. Proof in court covers all matters falling within the description 'burden of proof.' This includes what is sufficient evidence on an issue of fact to entitle the jury to consider it. It includes the burden of going forward with evidence; also the question of which party bears the risk of nonpersuasion of the trier of the fact. In some instances the proof of what is required by reference to the appropriate foreign law may make it unnecessary to apply the local procedural rule. Thus, if a requirement concerning proof of freedom from fault exists in the law of the place of injury and if such condition is there interpreted as a condition of the cause of action itself, or as affecting the nature or amount of recovery, the court at the forum will apply the rule of the foreign state (see sec. 385). In such a case, the remedial and substantive portions of the foreign law are so bound together that the application of the usual procedural rule of the forum would seriously alter the effect of the operative facts under the law of the appropriate foreign state. If there is no serious interference with the forum's legal processes involved, the court will apply the foreign rule as to freedom

from fault and the conditions attached by that law thereto. If too great local inconvenience is thereby occasioned, the court at the forum may refuse to hear the case (see introductory note to this chapter and compare sections 607 to 616.) If the foreign rule as to contributory fault is thus applied in its entirety, there will be no occasion for the application of the local procedural rule as to this question, for it will have been settled under the application of the foreign rule.

"Illustration: 1. A, in state X, is injured by the alleged negligence of B. A sues B in state Y. By the law of X, a plaintiff has no cause of action until he has shown that his own negligence did not contribute to his injury. By the law of Y, contributory negligence is an affirmative defense to be pleaded and proved by the defendant. A must show his freedom from contributory negligence."

That the court correctly instructed the jury on the general subject of contributory negligence as affecting the instant case is not enough. The burden of proving freedom from contributory negligence was placed by the Iowa law upon plaintiff. When the trial court informed the jury that such burden was upon defendant, it gave the jury a chance, if not an invitation, to decide that defendant had not sustained the burden thus wrongfully put upon it. We think this error was prejudicially erroneous and requires a reversal of the judgment.

Many other errors are assigned. Most of them go to the sufficiency of the evidence. As a reversal is already indicated, we will not discuss them.

The judgment of the district court is reversed and the cause remanded.

REVERSED.